Magistrate Judge David W. Christel

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR VIVANCO-REYES,<br><br>Defendant. | CASE NO. MJ25-347<br><br>COMPLAINT for VIOLATION<br><br>Title 18, U.S.C., Sections 111(a) and (b)<br>(Assault on a Federal Officer) |

BEFORE the Honorable David W. Christel, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT 1

**Assault on a Federal Officer**

On or about June 6, 2025, in Island County, within the Western District of Washington, VICTOR VIVANCO-REYES did knowingly and forcibly assault, resist, oppose, impede, intimidate, and interfere with Victim 1, an officer of the United States and of an agency of the United States Government, that is, the United States Department

Complaint - 1
*United States v. Victor Vivanco-Reyes* / MJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of Homeland Security, Homeland Security Investigations, while Victim 1 was engaged in and on account of his performance of official duties, and such assault caused physical contact and inflicted bodily injury to Victim 1 while using a dangerous weapon, that is, a truck with attached trailer.

All in violation of Title 18, United States Code, Sections 111(a) and (b).

## COUNT 2

### Assault on a Federal Officer

On or about June 6, 2025, in Island County, within the Western District of Washington, VICTOR VIVANCO-REYES did knowingly and forcibly assault, resist, oppose, impede, intimidate, and interfere with Victim 2, an officer of the United States and of an agency of the United States Government, that is, the United States Customs and Border Protection, while Victim 2 was engaged in and on account of his performance of official duties, and such assault caused physical contact and inflicted bodily injury to Victim 2 while using a dangerous weapon, that is, a truck with attached trailer.

All in violation of Title 18, United States Code, Sections 111(a) and (b).

***

And the complainant states that this Complaint is based on the following information:

I, Jacob D. Black, being first duly sworn on oath, depose and say:

### INTRODUCTION

1. I am a Special Agent with Homeland Security Investigations ("HSI"). As a Special Agent, I am empowered by law to investigate and to make arrests for offenses enumerated in Title 8 of the United States Code. I have been a Special Agent with HSI since August of 2008. I was trained to conduct investigations relating to violations of federal law through attending the Criminal Investigator Training Program and the Immigration and Customs Enforcement Special Agent Training program at the Federal Law Enforcement Training Centers ("FLETC") in Glynco, Georgia. While at FLETC, I

Complaint - 2
United States v. Victor Vivanco-Reyes / MJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

received over 500 hours of training in areas including, but not limited to, criminal law, human smuggling/trafficking investigations, and criminal procedures.

2. I am currently assigned to the HSI Blaine, Border Enforcement Security Task Force, Group 2, which focuses on the enforcement of immigration and narcotics laws, including human trafficking and smuggling. I am an investigative law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). As such, I am authorized to investigate and enforce violations of federal criminal statutes, including those in Titles 8, 18, 19, and 21 of the United States Code. Over the course of my career, I have assisted with the investigation and arrest of multiple individuals involved with violations of Title 8 of the United States Code. My knowledge of immigration law violations comes from working these prior criminal investigations and from consulting with other experienced HSI agents who have also conducted Title 8 criminal investigations.

3. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause, it does not set forth every fact that I, or others, have learned during the course of this investigation.

4. As set forth in this affidavit, there is substantial evidence supporting probable cause to believe that VICTOR VIVANCO-REYES committed the felony violations of Assault on a Federal Officer, in violation of Title 18, United States Code, Sections 111(a) and (b) within the Western District of Washington and within the last five years.

//

Complaint - 3
*United States v. Victor Vivanco-Reyes* / MJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**STATEMENT OF FACTS SUPPORTING PROBABLE CAUSE**

5. On May 9, 2025, Enforcement and Removal Operations ("ERO") Supervisory Detention and Deportation Officer M. Hicks signed a valid I-200 immigration warrant for the arrest of VICTOR VIVANCO-REYES (DOB: XX-XX-1999). ERO had identified VIVANCO-REYES as a convicted felon who was illegally present in the United States.

6. A few weeks prior to May 22, 2025, HSI Special Agents observed VIVANCO-REYES at his residence washing the wheels of an Infinity G37 vehicle bearing Washington license plate CRU9263, which is currently registered to him (hereinafter, the "Infinity G37").

7. On May 22, 2025, HSI Special Agents attempted to locate VIVANCO-REYES's vehicle by conducting surveillance on I-5 near Mount Vernon, Washington. Later that day, the Infinity G37 was observed in the vicinity of a residential area in Stanwood, Washington.

8. At this location in Stanwood, agents attempted to conduct a vehicle stop to identify the driver of the Infinity G37 and to locate VIVANCO-REYES in order to execute the I-200 immigration warrant. HSI Special Agent ("SA") Ledgerwood activated the emergency lights and siren of his government-issued vehicle to initiate this stop. I was behind SA Ledgerwood a short distance away and activated the emergency lights and siren of my government-issued vehicle. I and SA Ledgerwood were wearing outer body armor carriers containing clear "POLICE" and "HSI" markings.

9. As I approached SA Ledgerwood's location, I observed that the Infinity G37 continued to travel down the road despite the ongoing lights and sirens but eventually stopped in front of the driveway of a residence.

10. I arrived at the scene just as the vehicle was coming to a stop and observed through the open driver's side window, as reflected in the driver's side mirror, that the driver was VIVANCO-REYES. I was able to identify VIVANCO-REYES based on my

Complaint - 4
*United States v. Victor Vivanco-Reyes* / MJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

familiarity with his appearance following a review of his Washington state driver's license photograph.

11. Within seconds, VIVANCO-REYES took off at a high rate of speed in the Infinity G37 vehicle, coming close to striking a pedestrian. I and SA Ledgerwood reactivated our emergency lights and sirens and attempted to follow VIVANCO-REYES from a distance, to discourage him from further endangering himself or the public. VIVANCO-REYES was traveling at such a high rate of speed, however, that his whereabouts could not be determined after a short amount of surveillance, which was then terminated.

12. HSI agents continued to investigate VIVANCO-REYES and learned that he was currently employed at PRIMESCAPES LLC, a landscape company in Camano Island, Washington.

13. On June 6, 2025, HSI agents learned from a witness[1] that PRIMESCAPES LLC ("Primescapes") has a current job site at an address on Cascade View Drive in Camano Island, and that VIVANCO-REYES and another Primescapes employee were reported to have been working at this location.

14. At approximately 9:25 am, HSI agents, ERO Officers, and United States Border Patrol Agents ("BPAs"), with the assistance of the Bellingham Air and Marine Office helicopter, established surveillance around the job site in Camano Island. All law enforcement personnel were working together to locate VIVANCO-REYES and execute the pending immigration warrant. At approximately 9:30 am, air surveillance relayed that a Primescapes truck with an attached black trailer was just pulling out of the Cascade View Drive address and headed south. Two occupants were visible inside this vehicle.

15. As the Primescapes truck continued southbound on Cascade View Drive, HSI SA Miller was driving his government-owned vehicle (bearing Washington license

---

[1] The witness is a United States citizen with no criminal history as of June 3, 2025. The witness participated in a voluntary interview with law enforcement.

Complaint - 5
United States v. Victor Vivanco-Reyes / MJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

plate BRD1964) that was equipped with red and blue emergency lights and a siren. Another HSI Special Agent (hereinafter "Victim 1") was the front seat passenger in SA Miller's vehicle. Both agents were wearing outer body armor carriers containing clear "POLICE" and "HSI" markings. SA Miller was traveling northbound on Cascade View Drive, approaching the Primescapes truck's location.

16. When SA Miller was approximately 20 yards away from the Primescapes truck, he activated his emergency lights and siren and pulled into the southbound lane of Cascade View Drive, directly in front of the truck's path.

17. At the same time, ERO Officer J. Berg, who was also wearing outer police body armor with clear "POLICE" markings, was in his government police vehicle (bearing Washington license plate BPV7392). Officer J. Berg's vehicle was also equipped with red and blue emergency lights and a siren. Officer J. Berg activated his emergency lights and drove up near SA Miller's vehicle to attempt to block the northbound lanes.

18. Just as SA Miller and Officer J. Berg activated the emergency lights of their respective vehicles, the Primescapes truck appeared to accelerate directly at SA Miller's vehicle and then swerved around that vehicle, ultimately causing the front passenger side of the Primescapes truck to forcibly strike the front passenger side of SA Miller's vehicle.

19. The driver of the Primescapes truck then continued at a high rate of speed, and the passenger side of the trailer attached to the truck also struck the front passenger side of SA Miller's vehicle with such force that the trailer flew up into the air. Officer J. Berg was attempting to exit his vehicle as the Primescapes truck struck SA Miller's vehicle, and the truck with attached trailer narrowly missed Officer J. Berg as he attempted to get out of the way. The damage to SA Miller's vehicle is depicted below in Exhibit 1; Officer J. Berg's vehicle was not damaged.

Complaint - 6
United States v. Victor Vivanco-Reyes / MJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



*Exhibit 1: Damage to front passenger side of SA Miller's vehicle.*

20. HSI SA Powar and a Border Patrol Agent (hereinafter "Victim 2") were in a third government-issued vehicle (bearing Washington license plate CHV1006), located a few feet behind SA Miller's vehicle. SA Powar and Victim 2 were also wearing outer police body armor carriers with clear "POLICE" markings. After the Primescapes truck struck SA Miller's vehicle, SA Powar drove his government-issued vehicle across the roadway to block any further paths of travel for the fleeing truck and attached trailer. The Primescapes truck drove directly into the front of SA Powar's vehicle, striking it with extreme force and causing such significant damage that the vehicle was disabled. Victim 2 then exited the passenger side of SA Powar's vehicle just as the Primescapes truck drove past and was forced to jump out of the way to avoid being hit. The damage to SA Powar's vehicle is depicted below in Exhibits 2 and 3. The Primescapes truck then lost control and drove into a ditch a short distance away.

//
//
//

Complaint - 7
*United States v. Victor Vivanco-Reyes* / MJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



*Exhibits 2 & 3: Damage to SA Powar's vehicle from the front (at left) and side (at right)*

21. The Primescapes truck and trailer came to a stop up against a telephone pole and the driver immediately exited the vehicle to flee on foot. Agents and officers pursued the driver on foot and eventually apprehended him. While he was being apprehended, the driver stated, "I fucked up, I fucked up." The driver was handcuffed and taken into custody.

22. I arrived on the scene shortly afterwards and immediately recognized the driver to be VIVANCO-REYES, based on my familiarity with his appearance as noted above. A copy of VIVANCO-REYES's valid Washington state driver's license was also found on his person.

23. The front seat passenger of the Primescapes truck remained inside the vehicle throughout this incident. The passenger was identified and then released.

24. VIVANCO-REYES was advised of his constitutional rights and he requested the assistance of counsel. He was then transported to the HSI office in Ferndale, Washington for further processing.

Complaint - 8
United States v. Victor Vivanco-Reyes / MJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

25. SA Miller, Victim 1, SA Powar, and Victim 2 were all transported to the hospital to be assessed for injuries. Victim 1 was experiencing: pain in his right rib cage area and his right shoulder, and numbness traveling down his arm into his fingers. Victim 2 was also experiencing pain in his hip area.

26. Based on the above facts, I respectfully submit that there is probable cause to believe that VICTOR VIVANCO-REYES committed the felony violations of Assault on a Federal Officer, in violation of Title 18, United States Code, Sections 111(a) and (b).

JACOB D BLACK
Digitally signed by JACOB D BLACK
Date: 2025.06.06 17:57:56 -07'00'

JACOB D. BLACK, Complainant
Special Agent,
Homeland Security Investigations

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

Dated this 6Th day of June, 2025.

DAVID W. CHRISTEL
United States Magistrate Judge

Complaint - 9
United States v. Victor Vivanco-Reyes / MJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970