The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR VIVANCO-REYES,<br><br>Defendant. | NO. CR25-131-JNW<br><br>UNITED STATES' MOTIONS IN LIMINE<br><br>NOTE ON MOTION CALENDAR:<br>October 15, 2025 |

## I.   INTRODUCTION

Defendant Victor Vivanco-Reyes is charged with four counts of Assault of a Federal Officer, in violation of 18 U.S.C. § 111(a) and (b).  Trial is scheduled for October 27, 2025.  The parties have met and conferred but cannot reach agreement on all proposed motions in limine.

## II.   FACTUAL BACKGROUND

### A.   The Defendant's Prior Flight from Law Enforcement

In the current case, Victor Vivanco-Reyes is charged with assaulting four federal officers on June 6, 2025, while they were attempting to execute a valid immigration warrant for his arrest.  Prior to those assaults, on May 22, 2025, Homeland Security Investigations ("HSI") agents conducted surveillance to attempt to locate an Infiniti G37

United States' Motions in Limine - 1
United States v. Vivanco-Reyes / CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1. vehicle that was registered to Vivanco-Reyes and execute a civil administrative warrant
2. for his arrest for immigration violations. That day, agents in two separate government
3. vehicles observed the Infiniti G37 in front of them in a residential area and attempted a
4. traffic stop. The agents—both of whom were wearing outer body armor carriers
5. identifying them as law enforcement—activated their emergency lights and sirens. The
6. driver of the Infiniti G37 did not immediately stop and continued on before eventually
7. stopping in front of a residential driveway. Both agents positively identified Vivanco-
8. Reyes as the driver of the Infiniti G37 before he fled from the scene in his vehicle,
9. driving away dangerously and at a high rate of speed. The agents reactivated their
10. emergency lights and sirens and attempted pursuit, observing Vivanco-Reyes narrowly
11. miss a crossing pedestrian and passing vehicles, including a school bus, on the right side.
12. The agents ultimately terminated their pursuit due to the risk to public safety.

### B. The Charged Assaults

Following Vivanco-Reyes's flight from law enforcement, agents continued to investigate him and learned that he worked for a landscaping company that had a job site in Camano Island. On June 6, 2025, law enforcement established surveillance around the job site to locate Vivanco-Reyes and execute the immigration warrant. Air surveillance showed two individuals entering a truck with attached trailer and departing southbound from the job site. The driver of this truck was later identified as Vivanco-Reyes.

Multiple law enforcement vehicles drove northbound to stop the truck and trailer, including vehicles driven by: (1) Victim 1, with Victim 2 as the front seat passenger; (2) an Immigration and Customs Enforcement ("ICE") Officer; and (3) Victim 3, with Victim 4 as the front seat passenger. Victim 1, Victim 2, and Victim 3 are HSI agents, and Victim 4 is a Customs and Border Protection agent. The agents and officer wore outer body armor carriers identifying them as law enforcement.

As Victim 1's vehicle approached the truck and trailer, he activated his emergency lights and siren and pulled into the southbound lane, directly in front of the truck's path.

United States' Motions in Limine - 2  
United States v. Vivanco-Reyes / CR25-131-JNW

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

The ICE officer then activated his emergency lights and drove close to Victim 1's vehicle to block the northbound lane. Vivanco-Reyes initially appeared to slow the truck, but then quickly accelerated and swerved to the left of Victim 1's vehicle, striking it on the front passenger side, first with the truck and then the attached trailer. Vivanco-Reyes was traveling at such a high rate of speed that the collision of the trailer into Victim 1's vehicle caused the trailer to fly up into the air.

After Vivanco-Reyes struck Victim 1's vehicle, Victim 3 drove his vehicle into the roadway to block the truck's exit. Vivanco-Reyes then drove the truck and trailer directly into the front of Victim 3's vehicle, striking it with such force and causing such significant damage that Victim 3's vehicle was rendered inoperable.

Vivanco-Reyes apparently lost control of the truck, which came to rest against a telephone pole. He fled from the vehicle on foot and was eventually apprehended.

Two of the victims reported injuries following the June 6, 2025 assaults. Specifically: Victim 2 felt pain in his right rib cage area and right shoulder, as well as numbness traveling down his arm into his fingers; Victim 4 felt pain in his hip area.

### III.  AGREED MOTIONS IN LIMINE

#### A.  Motion to exclude witnesses.

Both parties request that all potential witnesses, except as noted below, be excluded from the courtroom during all portions of the trial until they are called to testify. Fed. R. Evid. 615. The parties agree that the exclusion includes opening statements of both parties and all portions of the trial even after the completion of the witness's testimony, unless both parties agree that the witness will not be recalled for any reason. Each party shall be responsible for advising their respective witnesses not to discuss their testimony until the completion of the trial.

The parties further request that the Government's case agent, HSI Special Agent Jacob Black, and the defense's investigator, Charles Formosa, be permitted, however, to sit at counsel table throughout the trial. It is also the Government's understanding that

United States' Motions in Limine - 3
*United States v. Vivanco-Reyes* / CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the defense may file a separate motion regarding the presence of their proffered expert throughout the trial.

**B.     Motion to preclude references to the defendant's substance use.**

Both parties agree that no evidence, questioning, or argument will be presented concerning the defendant's substance use.

## IV.     DISPUTED MOTIONS IN LIMINE

**A.     Motion to exclude evidence, argument, or any mention of potential penalties or collateral consequences if Vivanco-Reyes were found guilty.**

The Government moves to exclude any references to potential penalties for or collateral consequences of the crimes charged, including potential deportation.

The jury's function "is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged"; by contrast, sentencing is the province of the judge following a conviction. *Shannon v. United States*, 512 U.S. 673, 579 (1994). "Information regarding the consequences of a verdict is therefore irrelevant to the jury's task." *Id.*; *see also* Ninth Circuit Model Criminal Jury Instruction 6.22 (cautioning against the consideration of punishment during jury deliberations). This reasoning extends to references to potential immigration consequences. *See, e.g.*, *United States v. Mercado*, No. 18-CR-00549-LHK-3, 2020 WL 496069, at *3 (N.D. Cal. Jan. 30, 2020) (holding that because the defendant's immigration status was irrelevant to the drug offenses charged, the parties were prohibited from referring to his immigration status during trial).

The applicable penalties and consequences are not probative of Vivanco-Reyes's guilt or innocence and their presentation—in any form—risks compromising the impartiality of the jury's verdict. As the Supreme Court has observed, "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of

United States' Motions in Limine - 4  
*United States v. Vivanco-Reyes* / CR25-131-JNW

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

confusion." *Shannon*, 512 U.S. at 579.  Any discussion of penalties would only serve to encourage jury nullification in this case.  The Government therefore moves the Court to exclude any mention of possible penalties or collateral consequences, including any immigration consequences that Vivanco-Reyes may face following his conviction.

### B. Motion to admit evidence of the defendant's prior flight from law enforcement.

The Government moves to admit evidence of Vivanco-Reyes's flight from law enforcement on May 22, 2025 under one of two theories.  First, that evidence is "inextricably intertwined" with the assaults charged because it provides necessary context for those crimes and is thus not subject to Rule 404(b) analysis.  Second, in the alternative, the evidence meets the criteria required for admission under Rule 404(b) to demonstrate the defendant's intent, absence of mistake, and/or lack of accident.  Under either theory, the probative value of the evidence at issue is not substantially outweighed by the dangers specified in Rule 403.

### 1. The evidence is "inextricably intertwined" with the offenses charged.

As relevant here, "other acts" evidence is considered "inextricably intertwined" with the crime charged when its admission is "necessary . . . in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime; it is obviously necessary in certain cases for the government to explain . . . the events surrounding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995)[1]; *see also id.* at 1013 (citation omitted) (observing the jury "cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge").  Evidence that is so inextricably intertwined is not treated as other crimes, wrongs, or acts under Rule

---

[1] Evidence is also admissible as "inextricably intertwined" where "it constitutes a part of the transaction that serves as the basis for the criminal charge." *Vizcarra-Martinez*, 66 F.3d at 1012.  The Government does not advance that theory here.

United States' Motions in Limine - 5
*United States v. Vivanco-Reyes* / CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

404(b) and therefore does not need to meet the requirements of that rule. *See, e.g.*, *United States v. Loftis*, 843 F.3d 1173, 1177-78 (9th Cir. 2016).

The attempted traffic stop and Vivanco-Reyes's refusal to yield to the HSI agents, including his dangerous flight from the scene, is essential background evidence to the Government's case for two reasons. First, the evidence supports Vivanco-Reyes's "forcible assault" of the federal officers (that is, his intention to commit the assaults), which is the first element of the crimes charged. *See* Ninth Circuit Model Criminal Jury Instruction 8.2 (emphasis added) (explaining the first element is met where the defendant: (i) "*intentionally* strikes another"; (ii) "*willfully* attempts to inflict injury on another"; or (iii) *intentionally* threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm"). Vivanco-Reyes's prior flight is relevant to his subsequent intentions because that incident put him on notice that he was being sought by law enforcement. The events on May 22, 2025 further explain his escalated and violent response when confronted by agents just weeks later, when he realized that they had not abandoned their search for him, and also undercuts any defense claims that the collisions were accidents. *See United States v. Ruiz*, No. 22-50175, 2023 WL 6999439, at *1 (9th Cir. Oct. 24, 2023) (quoting *United States v. Daly*, 974 F.2d 1216, 1217 (9th Cir. 1992)) (finding district court properly admitted prior act evidence as inextricably intertwined in case charging assault of a federal officer where the testimony helped demonstrate the defendant's intent, and was "therefore 'necessary to put [the defendant's] illegal conduct into context and to rebut his claims of self-defense'"); *see also United States v. Luyster*, 821 F. App'x 819, 820 (9th Cir. 2020) (explaining evidence of a prior assault was inextricably intertwined with the offenses charged because it "immediately preceded [the crime] as a temporal matter" and "kickstarted a sequence of events that culminated" in the offense conduct).

Second, the evidence is critical to understanding the extent of law enforcement's subsequent efforts to locate Vivanco-Reyes on June 6, 2025. Without knowing the

United States' Motions in Limine - 6
*United States v. Vivanco-Reyes* / CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

circumstances of the prior flight, the jury would be left with the misimpression that the charged conduct was the first time law enforcement had encountered the defendant, and the jury could be concerned by the show of force that day (such as the use of aerial surveillance, multiple government vehicles and agents, etc.). Having that context would instead advance the Government's "coherent and comprehensible story" of how law enforcement—and, in particular, the victims—sought to effectuate the arrest as part of their official duties in light of a prior failed attempt. *See Vizcarra-Martinez*, 66 F.3d at 1012-13; Ninth Circuit Model Criminal Jury Instruction 8.2 (requiring, under the second element, that the forcible assault occur while the victim "was engaged in, or on account of" his "official duties").

Evidence of Vivanco-Reyes's May 22, 2025 flight from law enforcement is inextricably intertwined with the assaults charged and is admissible on that basis.

### 2. Alternatively, the evidence satisfies the criteria for admission under Rule 404(b).

If the Court finds the exception above does not apply, the evidence at issue is nonetheless admissible under Rule 404(b). Although evidence of other crimes, wrongs, or acts is prohibited if used to show propensity, it may be admissible instead for the purposes proposed here: "proving . . . intent, . . . absence of mistake, or lack of accident." *See* Fed. R. Evid. 404(b)(1)-(2). By its terms, Rule 404(b) "is a rule of inclusion—not exclusion[.]" *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc). "Once it has been established that the evidence offered serves one of these purposes, . . . the only conditions justifying the exclusion of the evidence are those described in Rule 403[.]" *Id.* (citation and internal quotation marks omitted).

In this Circuit, evidence of a defendant's uncharged acts is admissible under Rule 404(b) if it: "(1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted

United States' Motions in Limine - 7
*United States v. Vivanco-Reyes* / CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to prove intent, is similar to the offense charged." *United States v. Wells*, 879 F.3d 900, 930 (9th Cir. 2018) (citation omitted). Each of these four criteria is met here.

### a. The evidence is material because it helps prove an element of the offense.

To prove the requisite "forcible assault," the Government must demonstrate that Vivanco-Reyes's conduct was intentional and not the result a mistake or accident. *See* Ninth Circuit Model Criminal Jury Instruction 8.2. As explained above, evidence of the defendant's initial flight from law enforcement provides relevant and meaningful context to the later assaults. Indeed, Vivanco-Reyes's prior conduct bolsters the Government's theory that Vivanco-Reyes was not solely attempting to flee on June 6, 2025, but that he meant to crash into the government vehicles because he was pushed at that moment to use all force necessary to escape from potential arrest.

The first criterion is met because the evidence helps to prove a material point: that the defendant intended to commit the assaults charged, which is an essential component of the offenses that the Government must prove beyond a reasonable doubt.

### b. The evidence is not too remote in time.

Vivanco-Reyes initially fled from law enforcement on May 22, 2025, fifteen days before the assaults occurred on June 6, 2025. The close proximity of his prior conduct to the crimes charged easily satisfies the second criterion. Although "[t]his circuit has not adopted a bright line rule concerning remoteness in time," *United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996), approximately two weeks is well within range. *Cf. United States v. Johnson,* 132 F.3d 1279, 1283 (9th Cir. 1997) (evidence sufficiently recent "notwithstanding the thirteen or more years that had elapsed" since the defendant's alleged prior bad acts).

//
//
//

United States' Motions in Limine - 8
United States v. Vivanco-Reyes / CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### c.  Sufficient evidence proves that the defendant committed the prior flight.

The Government would prove the facts of the May 22, 2025 incident through the testimony of one of the two HSI agents who witnessed firsthand the defendant's flight from law enforcement that day.  This witness would describe how he positively identified the defendant as the driver of the Infiniti G37 vehicle (including his familiarity with Vivanco-Reyes's appearance based on his review of a photo of the defendant) and detail the numerous opportunities the defendant had—but ultimately rejected—to yield to the agents.  In this Circuit, the "the testimony of a single witness can be sufficient" proof that a defendant committed the prior acts.  *See Johnson*, 132 F.3d at 1283; *see also United States v. Hinton*, 31 F.3d 817, 823 (9th Cir. 1994).  Here, the HSI agent's testimony is more than sufficient to meet the "low threshold" of the third criterion.  *See United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002).

### d.  The prior flight is similar to the crimes charged.

Lastly, the evidence of Vivanco-Reyes's prior acts is probative of his intentions because it is substantially similar to the charged offenses.  In both incidents, Vivanco-Reyes was a driver who refused to stop immediately when confronted with law enforcement vehicles flashing lights and blaring sirens.  He also drove extremely dangerously to flee on both occasions, including at high speed and with no regard for his surroundings or the occupants of other vehicles.

On May 22, 2025, Vivanco-Reyes successfully fled from the agents without impacting their vehicles or causing injuries, but this is likely because the agents' vehicles did not block his direct path of exit.  By contrast, his means of escape were significantly more restricted in the subsequent encounter and he nonetheless chose to forge ahead by striking the victims' vehicles.  The last criterion of the Rule 404(b) standard is met notwithstanding these differences because the prior conduct and offense conduct "need not be identical . . . but instead need only [to] be similar enough".  *See Johnson*, 132 F.3d

United States' Motions in Limine - 9  
*United States v. Vivanco-Reyes* / CR25-131-JNW

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

at 1283. Vivanco-Reyes's conduct in each of these incidents is sufficiently similar to warrant admission here.

### 3. The evidence should not be excluded under Rule 403.

A district court may exclude relevant evidence if its probative value is substantially outweighed by one or more of the dangers specified in Rule 403, including unfair prejudice. Fed. R. Evid. 403. The application of this rule "must be cautious and sparing" because the rule's "major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (quotation omitted). Those concerns are not present here.

Any potential prejudicial effect of the evidence at issue is limited and ultimately does not outweigh the evidence's probative value. The United States would present the facts of the prior flight from law enforcement through the brief testimony of a single witness. That witness's testimony would not inflame the jury because he would discuss actions that are substantially similar to the offense conduct. Indeed, after considering the Rule 403 balancing test, the Ninth Circuit has routinely upheld the admission of evidence of prior acts resembling the crimes charged for non-propensity purposes. *See, e.g.*, *United States v. King*, 200 F.3d at 1211, 1215 (9th Cir. 1999) (prior check fraud admissible in bank and wire fraud prosecution); *United States v. Bowman*, 720 F.2d 1103, 1105 (9th Cir. 1983) (prior assault conviction admissible in assault with a dangerous weapon prosecution).

Evidence of a defendant's prior bad acts may be "damaging"; however, it should not be excluded unless the danger of "*unfair* prejudice" substantially outweighs its probative value. *See United States v. Simas*, 937 F.2d 459, 464 (9th Cir. 1991) (emphasis in original); *see also United States v. Thornhill*, 940 F.3d 1114, 1123 (9th Cir. 2019) (emphases in original) (citation omitted) ("[E]ven where evidence is *highly* prejudicial, it is not necessarily *unfairly* prejudicial"). An instruction from this Court limiting the

United States' Motions in Limine - 10  
*United States v. Vivanco-Reyes* / CR25-131-JNW

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

1  purposes for which the jury may consider the agent's testimony would safeguard against
2  any prejudicial impact that could result from its admission.  *See, e.g.*, *United States v.*
3  *Romero*, 282 F.3d 683, 688 & n.1 (9th Cir. 2002); *see also* Ninth Circuit Model Criminal
4  Jury Instructions 2.10 & 3.3 ("Other Crimes, Wrongs or Acts of Defendant").

      **C.    Motion to exclude testimony by defense expert Dr. Yurivia Cervantes-Manzo as irrelevant, unreliable, and misleading.**

7        The defense has disclosed its intention to offer testimony from Dr. Yurivia
8  Cervantes-Manzo, a licensed psychologist, on matters pertaining to the defendant's
9  claimed diagnosis of post-traumatic stress disorder ("PTSD").  *See* Exhibit 1 (filed under
10 seal) (Psychological Evaluation Report dated September 18, 2025).  The Court should
11 exclude testimony from this witness as irrelevant because binding authority forecloses
12 any diminished capacity defense in this case.  To the extent the testimony is deemed
13 relevant, the Court should exclude it as: (i) unreliable because Dr. Cervantes-Manzo
14 offers broad-based opinions that lack specifics on the defendant's purported disorder, and
15 (ii) misleading because it would suggest to the jury that a heightened *mens rea*
16 requirement applies in order to convict.

17       Evidence is relevant if "it has any tendency to make a fact more or less probable
18 than it would be without the evidence," and "the fact is of consequence in determining
19 the action." Fed. R. Evid. 401.  Evidence failing these elements is irrelevant and
20 inadmissible.  *See* Fed. R. Evid. 402.  In the context of expert testimony, the district court
21 performs a critical gatekeeping function to ensure that the witness's testimony "will help
22 the trier of fact to understand the evidence or to determine a fact in issue" and is
23 otherwise "reliable."  *See* Fed. R. Evidence 702 (outlining criteria the proponent of expert
24 testimony must establish by a preponderance).
25 //
26 //
27 //

United States' Motions in Limine - 11
*United States v. Vivanco-Reyes* / CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**1.    The defense is precluded from raising a diminished capacity defense to the assaults at trial.**

The Ninth Circuit has unequivocally held that "§ 111 is a general intent crime." *United States v. Jim*, 865 F.2d 211, 215 (9th Cir. 1989).  General intent "is only the intention to make the bodily movement that constitutes the act that the crime requires"; thus, "all that is required is proof that the person acted intentionally in the sense that he was aware of what he was doing." 21 Am. Jur. 2d *Criminal Law* § 113 (May 2025).  As a result, diminished capacity is not a defense to a general intent crime because that defense is "aimed at a nonexistent element of specific intent." *United States v. Vela*, 624 F.3d 1148, 1154-1155 (9th Cir. 2010) (collecting cases, and concluding the defense's attempt to present a diminished capacity defense in a Section 111 case was properly denied); *see also Jim*, 865 F.2d at 215 (affirming district court's refusal to instruct the jury on a defense of voluntary intoxication).

Dr. Cervantes-Manzo's opinions on Vivanco-Reyes's PTSD diagnosis and its consequent effects support a diminished capacity defense that the Ninth Circuit has found impermissible in this context.  Whether Vivanco-Reyes has this disorder does nothing to negate his intention to assault the officers. *See United States v. Kimes*, 246 F.3d 800, 803, 809 (6th Cir. 2001) (concluding expert testimony on the defendant's "treatment for depression and post-traumatic stress disorder" to show he "could have experienced a 'hyper-startled reaction' that robbed him of the ability to control his actions" was inadmissible because Section 111 is a general intent crime).  Because the defense expert's opinions cannot bear on any fact of consequence at trial, they should be excluded as irrelevant.

**2.    Dr. Cervantes-Manzo's opinions are speculative and unreliable.**

Dr. Cervantes-Manzo's opinions in her report amount to a cursory conclusion that Vivanco-Reyes has PTSD, coupled with generalized assertions on how that disorder "can impact several cognitive functions" as well as the negative potential effects of

United States' Motions in Limine - 12
*United States v. Vivanco-Reyes* / CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

unspecified "childhood adverse experiences." Exhibit 1 at 2-5.[2] None of the potential effects apply to Vivanco-Reyes specifically, and Dr. Cervantes-Manzo formed her opinions based only on the review of documents without any personal examination of or consultation with the defendant. *See* September 19, 2025 e-mail from defense counsel (stating "[Dr. Cervantes-Manzo's] application for a temporary license to evaluate [the defendant] has been pending for over two and a half months, which has made her evaluation of him impossible"). The expert's laundry list of potential negative consequences has no grounding in the precise contours of Vivanco-Reyes's condition, whatever that may be.[3] These possibilities may be pertinent to sentencing, but are irrelevant for trial.

The Court should preclude Dr. Cervantes-Manzo's expert testimony because she offers only speculative assertions that are not tied to the specific symptoms Vivanco-Reyes allegedly suffers.

### 3. Testimony from the defense's expert would mislead and confuse the jury.

Allowing the defense expert to testify regarding PTSD at trial would needlessly mislead and confuse the jury into treating the Section 111 charges as specific intent as opposed to a general intent crimes. It would suggest to the jury that Vivanco-Reyes's proffered diagnosis could be used—impermissibly—to find that no forcible assault

---

[2] There is no indication in this report that Dr. Cervantes-Manzo would opine that the defendant's disorder renders him incapable of controlling his actions for purposes of an insanity defense, nor has the defense provided notice of that defense.

[3] Examples of the vague opinions offered regarding persons who suffer from PTSD include:
- "Given the impact of the frontal lobes (i.e., prefrontal cortex) in PTSD, it is not uncommon to see individuals show inefficient problem solving and decision making, particularly due to the overactivation of the fight or flight response." Exhibit 1 at 4; and
- "Trauma in general activates a stress response in individuals. . . . [W]hen someone chronically activates their fight or flight response as a response to feeling overwhelmed or emotionally dysregulated, it can significantly limit their ability to rationalize and capitalize on any cognitive resources they might have." *Id.*

United States' Motions in Limine - 13
*United States v. Vivanco-Reyes* / CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

occurred because, for instance, the defendant's "fight or flight response" was activated, or the defendant felt "overwhelmed or emotionally dysregulated" when the assaults occurred. *See* Exhibit 1 at 4. Due to these substantial risks and the limited probative value of the expert's testimony (if any), it is appropriately excludable under Rule 403. Fed. R. Evid. 403.

//

//

//

United States' Motions in Limine - 14
*United States v. Vivanco-Reyes* / CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## V. CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court enter the enclosed proposed Order granting its motions to:

- Preclude the defense from mentioning any potential penalties or collateral consequences of conviction;
- Permit the Government to introduce evidence of Vivanco-Reyes's May 22, 2025 flight from law enforcement; and
- Exclude any testimony from defense expert Dr. Yurivia Cervantes-Manzo.

DATED this 26th day of September, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

<u>s/Jessica M. Ly</u>
<u>s/Katherine Collins</u>
JESSICA M. LY
KATHERINE COLLINS
Special Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:   (206) 553-4311
Fax:              (206) 553-0882
E-mail:         Jessica.Ly@usdoj.gov

United States' Motions in Limine - 15
United States v. Vivanco-Reyes / CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970