THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> VICTOR VIVANCO-REYES, <br><br> Defendant. | No. CR25-131-JNW <br><br> DEFENSE MOTIONS IN LIMINE <br><br> Note on Motion Calendar: <br> October 15, 2025 |

## I. INTRODUCTION

Victor Vivanco-Reyes, Assistant Federal Public Defender Colleen P. Fitzharris, brings the following Motions in Limine pursuant to Local Criminal Rule 23.1. Counsel has conferred with the government as required by LCrR 23.1(a)(6).

## II. FACTS

In May 2025, agents from Homeland Security Investigations began preparing to serve Victor Vivanco-Reyes with an administrative immigration warrant. On June 6, 2025, agents learned that Mr. Vivanco-Reyes's employer, Primescapes, LLC, was performing a job on Camano Island and that he would likely be working there.

Agents used helicopter surveillance of the property and established that two people got into a small work truck with a trailer and pulled out of the driveway of the property. The truck drove southbound on Cascade View Drive at a normal speed. A black Jeep Cherokee with tinted windows pulled into the southbound lane and drove at the Primescapes truck. The truck swerved into the northbound lane to avoid a collision.

DEFENSE MOTIONS IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

The Jeep turned towards the truck before stopping. As the truck drove around the Jeep, the front-seat passenger of the Jeep opened and then closed the front door. The side of the truck then made contact with the Jeep.

A second car, a gray Dodge Charger with tinted windows, drove behind the Jeep and stopped in the northbound lane. The truck drove around the gray Charger and did not hit it. When passing the Jeep and avoiding the Charger, the side of the truck and trailer scraped the side of the Jeep.

A third car, a black Nissan Murano SUV with tinted windows, followed behind the Charger and drove into the southbound lane to block the truck's movement. The front-seat passenger exited Murano as the truck turned into the southbound lane. The truck avoided the front-seat passenger but made contact with the front right corner of the Murano. As the truck drove around the Murano, the trailer hit the front of the Murano. The truck drove a short distance before stalling, hitting a pole, and coming to a stop.

The driver, later identified as Mr. Vivanco-Reyes, jumped out of the front seat and ran. The officers, clad in balaclavas, face masks, and hats, pursued him until he tried to jump a fence and failed. When apprehended, Mr. Vivanco-Reyes did not punch, kick, or harm the officers.

The government charged Mr. Vivanco-Reyes with four counts of assault of a federal officer—one count for each officer in the vehicles that made contact with the truck—in violation of 18 U.S.C. § 111(b). Dkt. 12. In each count, the government alleges Mr. Vivanco-Reyes made physical contact with each victim and used a dangerous weapon during the commission of the assault. *Id.* Counts 2 and 4 allege that he inflicted bodily injury on Victims 2 and 4 respectively. *Id.*

DEFENSE MOTIONS IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

### III. LEGAL ARGUMENT

**A. The Government Should Not Be Permitted to Introduce Evidence of Immigration Officers' Encounter with Mr. Vivanco-Reyes on May 22, 2025.**

The government provided notice of intent to introduce evidence of immigration officers' attempted arrest of Mr. Vivanco-Reyes on May 22, 2025. On that day, agents saw Mr. Vivanco-Reyes outside his home, washing the wheels of an Infinity G37 registered to him. Later that day, they initiated a traffic stop in an unmarked car. The car eventually stopped in front of a residential driveway before driving away. The agents claimed Mr. Vivanco-Reyes was the driver, that he drove away at a high rate of speed, and that he nearly hit a pedestrian.[1]

The government seeks to introduce this evidence to prove that he "intended to use force to escape from law enforcement" and to show that contact with the officers' cars was "not a mistake or accident." Ex. 1, Gov't 404(b) Notice. This evidence must be excluded under Federal Rules of Evidence 404(b) and 403.

Evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Thus, to be admissible, (1) the act must tend to prove a material point; (2) the act must be recent enough, (3) "there must be sufficient evidence to support a finding that the defendant committed the act"; and (4) the act is similar to the offense charged. *United States v. Berckmann*, 971 F.3d 999, 1002 (9th Cir. 2020). "The Government carries the

---

[1] Mr. Vivanco-Reyes does not concede that the events occurred as the government agents have described.

DEFENSE MOTIONS IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 3

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

burden to prove the proposed evidence satisfies [these] four requirements[.]" *United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021).

Even if the evidence satisfies those threshold requirements, the Court must exclude the evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Whether Mr. Vivanco-Reyes recklessly sped away from the officers before and may have come close to hitting a pedestrian is not material. To convict Mr. Vivanco-Reyes, the government must prove beyond a reasonable doubt he forcibly assaulted the four officers and did so while the officers were engaged in, or on account of, their official duties. 9th Cir. Pattern Instr. 8.2. For all counts, the government must prove that he used a dangerous weapon and made physical contact with the officers. For Counts 2 and 4, the jury must believe that he inflicted bodily injury.

The mens rea is the core of this case. A forcible assault occurs "when one person *intentionally* strikes another, or *willfully* attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm." *Id.* (emphasis added). The government must therefore prove that Mr. Vivanco-Reyes knowingly and intentionally assaulted the officers. *United States v. Acosta-Sierra*, 690 F.3d 1111, 1123 (9th Cir. 2012). Recklessness is insufficient.

The Supreme Court has illustrated where that distinction between recklessness and intentionality lies when the alleged assault involves driving a car. In *Borden v. United States*, 593 U.S. 420, 425–27 (2021), the Court addressed whether reckless crimes are "violent felonies" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i). As the Court explained, a person "acts knowingly when he is aware

DEFENSE MOTIONS IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

that a result is practically certain to follow from his conduct, whatever his affirmative desire." *Id.* at 426 (cleaned up). In contrast, "[a] person acts recklessly . . . when he consciously disregards a substantial and unjustifiable risk attached to his conduct, in gross deviation from accepted standards." *Id.* at 427 (cleaned up, citing, *inter alia*, Model Penal Code § 2.02(2)(c)). To illustrate the point, the Court explained, "[s]peeding through a crowded area may count as reckless even though the motorist's 'chances of hitting anyone are far less [than] 50%.'" *Id.* (quoting 1 W. LaFave, Substantive Criminal Law § 5.4(f) (2018) (citing cases involving low-probability events)).

When the Court turned to address whether the force clause excludes reckless conduct, it explained that "purposeful conduct" would include "a person [who] drives his car straight at a reviled neighbor, desiring to hit him." *Id.* at 431. In addition, "a getaway driver [who] sees a pedestrian in his path but plows ahead anyway, knowing the car will run him over" has acted purposefully because "[a]lthough he would prefer a clear road, he too drives his car straight at a known victim." *Id.* In contrast, a "reckless driver has not directed force at another: He has not trained his car at the pedestrian understanding he will run him over." *Id.*

Whether the government can prove Mr. Vivanco-Reyes used a "dangerous weapon" also turns on his state of mind. A truck and trailer may be a "dangerous weapon" if "used in a way that is capable of causing death or serious bodily injury." 9th Cir. Pattern Instr. 8.2. However, "for a car to qualify as a deadly weapon, the defendant must use it as a deadly weapon and not simply as a mode of transportation." *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002). "The use of a car purely for flight would not satisfy the fourth element of § 111(b): that the object be used in a deadly or dangerous manner." *Id.*; *see also United States v. Easterday*, 729 F. Supp. 3d 17, 23 (D.D.C. 2024) (citing this as *Arrington*'s holding).

DEFENSE MOTIONS IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 5

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

The encounter on May 22, 2025, does not demonstrate an intent to use force or to make physical contact with law enforcement. Rather, the incident evidences a desire to escape and avoid contact with officers. The fact that Mr. Vivanco-Reyes may have driven recklessly does not increase the probability or even suggest that he *intentionally* rammed the truck into the officers two weeks later. Nor does reckless driving on that day increase the likelihood that he intentionally drove forward knowing that he would make contact with the car. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

The government's second proffered purpose—to prove lack of mistake or accident—makes little sense. The fact that Mr. Vivanco-Reyes almost hit a pedestrian while driving away from law enforcement on May 22nd does not decrease the likelihood that he acted unintentionally, accidentally, or recklessly on June 6th. Rather, the most logical conclusion is that, in both instances, Mr. Vivanco-Reyes panicked in the moment and drove away recklessly. The probative value of the May 22nd encounter is marginal.

The danger of unfair prejudice, wasting time, and confusing the issues is substantial. There may also be reasons to doubt whether Mr. Vivanco-Reyes was the person involved in the May 22, 2025, encounter. Approximately two weeks before, immigration officers saw Mr. Vivanco-Reyes washing the wheels to an Infiniti G37 registered to him. Through surveillance, they determined this car routinely drove southbound on I-5 near mile marker 224 in the morning hours. Two officers—Agent Ledgerwood and Agent Black—were in two separate cars. Agent Ledgerwood activated his emergency lights and initiated a traffic stop, and Agent Black followed behind. Agent Black claims he was able to identify Mr. Vivanco-Reyes in the driver's side mirror as he approached from behind. He claims he could see that the person driving

DEFENSE MOTIONS IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 6

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

the car had "the same smile" as the photo used for Mr. Vivanco-Reyes's driver's license, which he had seen earlier that day.

These claims should raise eyebrows and would require a mini-trial about whether Mr. Vivanco-Reyes was actually the driver and whether the events occurred as the agents described.[2]

Testimony about that incident would also confuse the issues for the jury. Mr. Vivanco-Reyes is not on trial for reckless driving. Highlighting his conduct during this encounter could weigh too heavily on the jury and deny Mr. Vivanco-Reyes a fair opportunity to defend himself against the charge of forcible assault.

### B. If Mr. Vivanco-Reyes Chooses to Testify, His Prior Convictions Must Be Excluded.

Mr. Vivanco-Reyes was convicted as a juvenile of the following offenses: (1) Malicious Mischief, Third Degree—Physical Damage; (2) Criminal Mischief; (3) Drive-By Shooting; (4) Assault, First Degree—Deadly Weapon; (5) Unlawful Firearm Possession, Second Degree. He was convicted as an adult of the following offenses: (1) Participating, Aiding, or Abetting a Prison Riot; and (2) Violation of No Contact Order—Domestic Violence.[3] Federal Rule of Evidence 609 permits the introduction of criminal convictions for the sole purpose of attacking a person's character for truthfulness.

For adult convictions to be admissible in a criminal case where the witness is the defendant, the crime of conviction must be one "that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year," and "the probative

---

[2] There is no video evidence of this encounter.

[3] Because Mr. Vivanco-Reyes was not accurately advised about the immigration consequences of pleading guilty to this offense. He has since filed a motion to vacate this conviction with the help of the Washington Defender Association. It is likely that motion will be granted, and Mr. Vivanco-Reyes will enter a plea to Assault 4—Domestic Violence.

DEFENSE MOTIONS IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 7

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1).

None of Mr. Vivanco-Reyes's adult convictions are admissible because not one was "punishable by death or by imprisonment for more than one year." Violation of a no-contact order and assault 4 are gross misdemeanors and punishable by up to 364 days' imprisonment. R.C.W. 7.105.450(1)(a) (VNCO); 9A.36.041 (Assault 4).

The riot conviction was also not "punishable by death or by imprisonment for more than one year." Fed. R. Evid. 609(a)(1). Although a riot conviction is classified as a felony, "The term by which a Washington offense is punishable is limited by the upper bound of the mandatory guidelines range." *United States v. Williams*, 5 F.4th 973, 976–78 (9th Cir. 2021). This is true for the purposes of applying the Sentencing Guidelines and provisions that define the term "felony." *See United States v. Valencia-Mendoza*, 912 F.3d 1215, 1222 (9th Cir. 2019). The Guidelines also determine whether a person is prohibited from possessing a firearm under 18 U.S.C. § 922(g)(1) for being convicted of an offense "punishable by imprisonment for a term exceeding one year." *United States v. McAdory*, 935 F.3d 838, 844 (9th Cir. 2019). And that is the test used to determine if a person on supervised release committed a Grade A, B, or C violation. *See Williams*, 5 F.4th at 977–78. There is no textual difference between Rule 609(a)(1) and the statutes and Guidelines the Ninth Circuit examined in *Valencia-Mendoza*, *McAdory*, and *Williams*. Thus, Mr. Vivanco-Reyes's riot conviction is admissible only if the standard Guidelines range exceeded one year. It did not. The standard range applicable to Mr. Vivanco-Reyes was 0–364 days. Ex. 2, Judgment, Case No. 19-1-00679-21. The riot conviction is therefore not admissible.

Even if the riot conviction qualifies for admission under Rule 609(a)(1), this conviction does not bear on Mr. Vivanco-Reyes's character for truthfulness, and sharing the fact of his conviction would be prejudicial. "[T]he language of Rule

DEFENSE MOTIONS IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 8

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

609(a)(1) is cast in favor of caution: Impeachment by these first-prong felony convictions is to proceed only if probative value 'outweighs' the risk of unfair prejudice to the defendant" and "favors excluding rather than admitting felony convictions." § 6:45 First-prong felonies under Rule 609(a)(1)—Excluding felonies for unfair prejudice, 3 Federal Evidence § 6:45 (4th ed.). "[S]uch convictions should be excluded if probative worth and prejudicial effect are equally balanced." *Id.*

Generally, participating in or aiding and abetting a prison riot is not a crime of dishonesty. That is even more true of convictions like Mr. Vivanco-Reyes, which were sustained while he was at Green Hill, the juvenile detention center. For years, the Lewis County Prosecutor's Office was misapplying the riot statute to any fight. *See generally* Lauren Girgis, *WA bill, if signed, would bring end to riot charges in juvenile detention*, The Seattle Times (Apr. 16, 2025), https://www.seattletimes.com/seattle-news/law-justice/wa-bill-if-signed-would-bring-end-to-riot-charges-in-juvenile-detention/. Recognizing that fact, the legislature passed a bill, which the Governor signed into law, excluding facilities operated by the Department of Children, Youth, and Families or juvenile detention facilities from the definition of correctional institution for purposes of prison riot offenses. This bill allowed anyone who had been convicted of a prison riot offense while at one of these facilities to vacate the conviction, or be resentenced, or both, within five years of the bill becoming a law. *See* Prison Riot Offenses-Juveniles, S. 1815, 69th Leg., 2025-26 (Wash. 2025). Unfortunately, Mr. Vivanco-Reyes's conviction became final on December 4, 2019, which was barely five months outside the retroactivity window.[4] Mr. Vivanco-Reyes otherwise falls within the class of people that should have benefitted from this bill. His riot conviction is therefore even less probative of his character for truthfulness because the state legislature has—

---

[4] Governor Ferguson singed the bill into law on April 25, 2025.

DEFENSE MOTIONS IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 9

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

through legislation—resoundingly said that his conduct at that time should not be a crime.

Rule 609(d) governs the admissibility of juvenile adjudications. They are admissible to impeach a witness's character for truthfulness only if (1) "offered in a criminal case; (2) the adjudication was of a witness other than the defendant; (3) the adult's conviction for that offense would be admissible to attack the adult's credibility; and (4) admitting the evidence is necessary to fairly determine guilt or innocence." Fed. R. Evid. 609(d). Each conviction stumbles at the second requirement: the adjudications would be offered against Mr. Vivanco-Reyes, who is the defendant. Under requirements three and four, the adjudications should not be admissible either. Only three of the convictions are felonies and they have very little to do with credibility. They were committed nearly a decade ago (January 2, 2016). And introduction of adjudications for assault and drive-by shooting would be extremely prejudicial to Mr. Vivanco-Reyes and wholly unnecessary to prove his guilt or innocence.

Each of Mr. Vivanco-Reyes's convictions and adjudications should be excluded entirely even if he chooses to testify at trial.

### C. Dr. Cervantes-Manzo Should Be Permitted to Observe Mr. Vivanco-Reyes's Testimony, If He Chooses to Testify.[5]

Federal Rule of Evidence 615(a) authorizes the court to "order witnesses excluded from the courtroom so that they cannot hear other witness's testimony." Rule 615(a) does not, however, "authorize excluding . . . any person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(a)(3).

---

[5] Mr. Vivanco-Reyes has separately filed a motion to permit the video testimony of Dr. Cervantes-Manzo. He files this motion in limine in the event her schedule allows her to testify in person.

DEFENSE MOTIONS IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 10

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

Mr. Vivanco-Reyes has provided notice to the government of his intent to offer the expert testimony of Dr. Yurivia Cervantes-Manzo and requests an order permitting her to be in the courtroom to observe Mr. Vivanco-Reyes's testimony, should he choose to testify. Her presence is essential to presenting his defense.

Dr. Cervantes-Manzo is a bilingual (English and Spanish) psychologist, who will testify about the effects of post-traumatic stress disorder and adverse childhood experiences on a person's cognitive functioning, including executive functioning while under stress. She has reviewed Mr. Vivanco-Reyes's medical and mental health records, which establish that he is diagnosed with post-traumatic stress disorder.

If Mr. Vivanco-Reyes testifies, he is expected to discuss several traumatic events in his childhood, including a harrowing experience when he was approximately seven years old. Mr. Vivanco-Reyes and his father were rammed head-on by three oncoming black SUVs with flashing blue and red lights. The occupants of the oncoming cars were masked and opened fire on him and his father. Multiple people were killed in front of Mr. Vivanco-Reyes during this incident. He fortunately survived, but the memory of this traumatic event and other substantial traumas continue to impact him, and the events of June 6, 2025, were substantially similar to that traumatic event.

Mr. Vivanco-Reyes intends to call as an expert Dr. Cervantes-Manzo to discuss how post-traumatic stress disorder and adverse childhood experiences affect cognitive functioning and decision making—particularly while under stress. Dr. Cervantes-Manzo will explain how post-traumatic stress disorder and adverse childhood experiences change the brain. Those with PTSD, like Mr. Vivanco-Reyes, show increased responsiveness to traumatic and emotional stimuli, decreased emotional regulation, and reduced executive functioning. The impact of PTSD on the brain often causes those who suffer from it to show inefficient problem solving and decision making, particularly due to the overactivation of the fight or flight response. When that

DEFENSE MOTIONS IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 11

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

survival instinct is activated, those with PTSD have difficulty accessing those executive functions. Moreover, those who were exposed to repeated trauma as children show delayed neurodevelopment and greater difficulty rationalizing and capitalizing on any cognitive resources they may have.

When Mr. Vivanco-Reyes saw a black SUV driving directly at him with other cars following, he panicked and tried to get away, but he could not access his ability to rationalize and stop or think through the potential consequences of his panicked flight. The cognitive resources needed to drive effectively were also severely compromised. In short, he did not intentionally and knowingly strike the officers' cars; he could not form that intent under those circumstances. Dr. Cervantes-Manzo's testimony is critical to understand how Mr. Vivanco-Reyes was not capable and did not form the mens rea necessary to commit the charged offenses.

Less than two weeks after this case was charged, after reviewing the discovery, defense counsel contacted Dr. Cervantes-Manzo about providing expert services. There are few psychologists in Washington State who capable of conducting psychological testing in Spanish. Dr. Cervantes-Manzo is bilingual and trained to administer tests designed for native Spanish speakers. Because she is licensed in California, she must apply for a temporary practice permit. *See* Wash. Dep't Health, *Licensing Information*, https://doh.wa.gov/licenses-permits-and-certificates/professions-new-renew-or-update/psychologist/licensing-information [https://perma.cc/G439-MZMQ] (last accessed Sept. 26, 2025). Dr. Cervantes-Manzo submitted her application immediately after she was contracted to provide work on this case. Unfortunately, her application remains pending.

To avoid the necessity of a continuance, Dr. Cervantes-Manzo reviewed Mr. Vivanco-Reyes's records and drafted a report based on that review. If she is granted the temporary permit before trial, she will travel to Washington to conduct an

DEFENSE MOTIONS IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 12

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

in-person evaluation. If that is not possible, however, and a continuance is neither sought nor granted, then she should be permitted to listen to and observe Mr. Vivanco-Reyes describe his prior traumatic experiences and experience of the June 6, 2025, incident. Doing so may inform her opinion about the appropriateness of the previous PTSD diagnosis. She may also be able to explain Mr. Vivanco-Reyes's behavior when recounting these traumatic experiences that may seem counterintuitive, such as laughing or smiling even though the subject-matter is sad or serious.

Dr. Cervantes-Manzo should therefore be permitted to observe Mr. Vivanco-Reyes's testimony, if he chooses to testify.

## IV. CONCLUSION

For the reasons stated, Mr. Vivanco-Reyes respectfully requests that the Court grant these motions in limine and (1) the exclude evidence related to the May 22, 2025, encounter; (2) exclude any evidence about Mr. Vivanco-Reyes's adult convictions and juvenile adjudications; and (3) permit Dr. Cervantes-Manzo to observe Mr. Vivanco-Reyes's testimony, if he chooses to testify.

DATED this 26th day of September 2025.

Respectfully submitted,

s/ *Colleen P. Fitzharris*
Assistant Federal Public Defender
Attorney for Victor Vivanco-Reyes

I certify this motion contains 3,732 words in compliance with the Local Criminal Rules.

DEFENSE MOTIONS IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 13

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100