The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR25-131-JNW |
| Plaintiff, | UNITED STATES' RESPONSE TO DEFENSE MOTIONS IN LIMINE |
| v. | |
| VICTOR VIVANCO-REYES, | |
| Defendant. | |

## I.    INTRODUCTION

Mr. Vivanco-Reyes moves this court to exclude any evidence of his prior crimes, wrongs, and other acts and simultaneously to permit his expert witness to testify by video and to observe his testimony at trial. The government opposes.

## II.    ARGUMENT

### A. Mr. Vivanco-Reyes' flight from federal law enforcement agents two weeks prior to the charged assaults is admissible under Rule 404(b).

Mr. Vivanco-Reyes moves to exclude evidence relating to Mr. Vivanco-Reyes' May 22, 2025 flight from immigration officials under Federal Rules of Evidence 404(b) and 403. Dkt. 24 at 3-7. The government opposes this motion, has already set forth its

position regarding the admissibility of this evidence in its own motion, and incorporates those arguments here by reference. Dkt. 20 at 5-7. As argued in the government's motion on this topic, the facts of the May 22, 2025 event are inextricably intertwined with the charged conduct. *See* Dkt. 20 at 5-7. Alternatively, the evidence is admissible for the purposes of proving motive, intent, knowledge, absence of mistake and lack of accident. Fed. R. Evid. 404(b)(2).

The May 22, 2025 event is probative of whether Mr. Vivanco-Reyes possessed the necessary general intent on June 6, 2025 to commit the offense, and the motive to do so. On May 22, 2025, Mr. Vivanco-Reyes was so desperate to flee immigration officials that he forced agents to pursue him in a high-speed chase, nearly hitting a pedestrian. On June 6, 2025, he again attempted to flee arrest by immigration officials in a vehicle, this time driving into the officer cars to affect his flight. Mr. Vivanco-Reyes' prior flight is directly probative of his state of mind on June 6, 2025. He wanted to escape at all costs, even though it meant intentionally driving his car in such a manner that it caused reasonable apprehension of bodily harm and ultimately hit officers. Furthermore, his knowledge that the officers were present to detain him for immigration offenses on June 6 is corroborated by the May 22 incident, in which a very similar factual scenario unfolded. A comparison between the May and June incidents demonstrates that Mr. Vivanco-Reyes' more egregious June conduct was no mistake or accident: he intentionally drove the vehicle at the officers, in order to aid his escape.

Mr. Vivanco-Reyes argues that evidence of the prior act should be excluded because the prior conduct shows only recklessness. What Mr. Vivanco-Reyes fails to appreciate is that assault of a federal officer, in violation of 18 U.S.C. 111(a) and (b), is a *general* intent crime, rather than a specific intent crime. *United States v. Vela*, 624 F.3d 1148, 1154 (9th Cir. 2010) (citing *United States v. Jim*, 865 F.2d 211, 215 (9th Cir. 1989)). To prove the requisite intent, the government must show that Mr. Vivanco-Reyes "intentionally committed the act that resulted in the assault," not that he intended a

U.S. Response To Defense Motions In Limine - 2
*United States v. Vivanco-Reyes*/ CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

specific injury or result. *Jim*, 865 F.2d at 212. Therefore, all the government must establish in this case as it relates to Mr. Vivanco-Reyes' intent is that he intentionally (i.e. volitionally) engaged in the act of driving his vehicle in a manner that: (i) resulted in the striking of another, (ii) attempted to inflict injury on another, or (iii) "threatened another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm." Ninth Circuit Model Criminal Jury Instruction 8.2 (defining forcible assault); *United States v. Lamott*, 831 F.3d 1153, 1156 (9th Cir. 2016) ("a general intent crime requires only that the act was volitional (as opposed to accidental), and the defendant's state of mind is not otherwise relevant."). It is therefore irrelevant whether Mr. Vivanco-Reyes' driving was reckless or panicked in May 2025, because he may well have been reckless, panicked, *and also* intentionally driving his vehicle towards the victim officer vehicles in June 2025.

Additionally, defense counsel have indicated that they may claim Mr. Vivanco-Reyes acted in self-defense in June 2025. In addition to proving each element of the offense charged, when a defendant puts forth a proper self-defense claim, the government must also prove that (1) the defendant knew that the victims were federal employees or officers, (2) the defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force, and (3) the defendant used more force than reasonably necessary in the circumstances. *See* Ninth Circuit Model Criminal Jury Instruction 8.3. Should Mr. Vivanco-Reyes claim self-defense, the evidence of his May 22, 2025 flight for immigration officials would be material to prove that Mr. Vivanco-Reyes knew, or had reason to know, the people he assaulted were law enforcement. It would also show that Mr. Vivanco-Reyes did not reasonably believe that he was under the threat of immediate use of unlawful force; nor were his assaults reasonably necessary in these circumstances.

Finally, the probative value of the evidence relating to Mr. Vivanco-Reyes' prior flight is high and is not substantially outweighed by any prejudice that it may present. *See*

U.S. Response To Defense Motions In Limine - 3
*United States v. Vivanco-Reyes*/ CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*United States v. Simas*, 937 F.2d 459, 464 (9th Cir.1991) (although the evidence of "other acts" was "damaging," the defendant has not shown that it resulted in "unfair prejudice"); *United States v. Parker*, 549 F.2d 1217, 1222 (9th Cir.1977) ("evidence of other bad acts 'is not rendered inadmissible because it is of a highly prejudicial nature[,][t]he best evidence often is[.]'"). As fully briefed in the government's motion, the May 22, 2025 events are "inextricably intertwined" with the charged offenses and directly bear on Mr. Vivanco-Reyes' intent and motive. Dkt. 20 at 5-7. Furthermore, any risk of unfair prejudice can be addressed by a limiting jury instruction, which the Ninth Circuit has consistently recognized as adequate. *United States v. Cherer*, 513 F.3d 1150, 1157-59 (9th Cir. 2008) (admission of the defendant's prior conviction was highly probative of the defendant's intent and his modus operandi, and any risk of unfair prejudice was reduced by trial court's limiting jury instruction); *United States v. Dhingra*, 371 F.3d 557, 567 (9th Cir. 2004), as amended on denial of reh'g (July 23, 2004) ("The district court cabined potential prejudice by limiting testimony to a single incident and by explicitly instructing the jury to consider the testimony 'only as it bears on the defendant's intent and for no other purpose.'"). The government seeks to introduce this evidence to demonstrate Vivanco-Reyes' deliberate and motivated choice to drive his car towards federal officers in the manner that he did.

**B. Mr. Vivanco-Reyes' prior criminal history is admissible should the defense open the door to this topic.**

Mr. Vivanco-Reyes has prior criminal convictions, both as juvenile and as an adult. Dkt. 24 at 7-8. These include convictions for the following: (1) Malicious Mischief, Third Degree—Physical Damage; (2) Criminal Mischief; (3) Drive-By Shooting; (4) Assault, First Degree—Deadly Weapon; (5) Unlawful Firearm Possession, Second Degree; (6) Participating, Aiding, or Abetting a Prison Riot; and (7) Violation of No Contact Order—Domestic Violence. *Id* at 7. The government may seek to offer evidence of Mr. Vivanco-Reyes' prior criminal history under the below theories.

U.S. Response To Defense Motions In Limine - 4
*United States v. Vivanco-Reyes*/ CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   2

**1. Mr. Vivanco-Reyes' prior criminal history is admissible in the government's case-in-chief if Mr. Vivanco-Reyes opens the door.**

3   4   5   6   7   8

The government does not intend to offer evidence of Mr. Vivanco-Reyes' criminal history in its case-in-chief unless Mr. Vivanco-Reyes opens the door to this topic. If the door is opened, however, the government will seek to admit evidence of the abovementioned criminal history, as it is it is "inextricably intertwined" with the charged offense. *United States v. Wells*, 879 F.3d 900, 928 (9th Cir. 2018) (internal citation and quotation omitted).

9   10   11   12   13   14   15   16   17   18   19   20   21   22   23   24   25   26   27

The government cannot know how Mr. Vivanco-Reyes will choose to present his case or predict all of the ways in which he may open the door to discussion of his criminal history. Nonetheless, the government would seek to introduce evidence of Mr. Vivanco-Reyes' abovementioned prior convictions if, for example, Mr. Vivanco-Reyes were to question the legitimacy of the rationale for issuing the immigration warrant (by stating or suggesting law enforcement unfairly targeted him); the identity of the person named in that warrant (because his criminal history helps to confirm Mr. Vivanco-Reyes' true identity); or the law enforcement resources expended to apprehend him, including any suggestion that the show of force on June 6, 2025 was unwarranted or excessive (because the law enforcement resources directly related to Mr. Vivanco-Reyes' prior criminal history as well as his previous flight). Should the defense open the door, Mr. Vivanco-Reyes' criminal history, which includes convictions for violent offenses, is inextricably intertwined with the charged conduct because it would be necessary to explain to the jury why the officials took the actions they did that day. Absent that evidence, in the face of defense suggestions of improper conduct by law enforcement, the jury would be in a conceptual void as to what prompted officers to engage with Mr. Vivanco-Reyes in the manner they did (including, for instance, why law enforcement elected to preserve the element of surprise instead of approaching him during his work on Camano Island that day).

U.S. Response To Defense Motions In Limine - 5
*United States v. Vivanco-Reyes*/ CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Additionally, the government will seek to introduce such history as "inextricably intertwined" with the charged offense if Mr. Vivanco-Reyes alleges self-defense. If Mr. Vivanco-Reyes attempts to claim self-defense, either by testifying on his own behalf or through cross-examination of the government's witnesses, the government will seek to introduce evidence of Mr. Vivanco-Reyes' abovementioned criminal convictions in order to meet its burden of showing that Mr. Vivanco-Reyes did not reasonably believe the degree of force he employed was necessary to defend against an immediate use of unlawful force. If self-defense is at issue, the government must necessarily explain that the level of force the officers used (number of vehicles, agents, etc.) was, in part, because of Mr. Vivanco-Reyes' criminal history. Mr. Vivanco-Reyes' awareness of his history also undermines the reasonableness of any belief he needed to defend himself against agents. Prior to seeking to introduce this evidence, the government will ask for a sidebar with the Court to address its allegation that Mr. Vivanco-Reyes opened the door to such inquiries.

### 2. Mr. Vivanco-Reyes' conviction for prison rioting may be admissible as impeachment if Mr. Vivanco-Reyes testifies that he is a law abiding, peaceful, or nonviolent person.

If Mr. Vivanco-Reyes testifies, the government may seek to introduce Mr. Vivanco-Reyes' conviction for Participating, Aiding, or Abetting a Prison Riot to rebut any testimony by Mr. Vivanco-Reyes that he is a law abiding, peaceful, and/or nonviolent person. As above, prior to introducing any such testimony, the government would seek a sidebar with the Court to address its belief that the door has been opened.

Under Federal Rule of Evidence 609(a)(1)(B), evidence that a defendant has been convicted of a crime must be admitted if that crime was punishable by imprisonment for more than one year, and the probative value of the evidence outweighs its prejudicial effect to that defendant. On May 2, 2018, Mr. Vivanco-Reyes was convicted in Washington for Participating, Aiding, or Abetting a Prison Riot, in violation of RCW

U.S. Response To Defense Motions In Limine - 6
*United States v. Vivanco-Reyes*/ CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9.94.010. Dkt. 24-4 at 2. This offense is punishable by a term of imprisonment "not less than one year nor more than ten years." *See* RCW 9.94.010.

Mr. Vivanco-Reyes attempts to argue that his conviction does not carry a "more than one year" sentence for purposes of Rule 609(a)(1)(B) because Washington State's sentencing guidelines prescribe a standard range of 0-364 days. However, he provides no legal support for this conclusion, citing only to Ninth Circuit cases that have defined "felony" in the context of Sentencing Guidelines calculations and in the context of the elements of a different statute, 18 U.S.C. § 922(g)(1). *See* Dkt. 24 at 8 (citing *United States v. Williams*, 5 F.4th 973, 976–78 (9th Cir. 2021); *United States v. Valencia-Mendoza*, 912 F.3d 1215, 1222 (9th Cir. 2019); *United States v. McAdory*, 935 F.3d 838, 844 (9th Cir. 2019). These cases do not address the language in the context of Federal Rule 609(a)(1)(B), and it would be nonsensical to extrapolate the holdings in those cases to an evidentiary rule. Rule 609(a)(1)(B) became law in 1975, long before these cited cases changed the definition of what constitutes a felony. Furthermore, to accept Mr. Vivanco-Reyes' argument would lead to the bizarre result of this Court finding that a different interpretation of Rule 609(a)(1)(B) applies in Washington, and nowhere else. This is contrary to intention of The Federal Rules of Evidence, however, which is to be applied uniformly across jurisdictions. Accordingly, Mr. Vivanco-Reyes' prison riot conviction should be considered to be punishable by imprisonment for more than one year, and thus "must" be admitted under the parameters of Rule 609(a)(1)(B).

Further, if Mr. Vivanco-Reyes were to open the door by choosing to testify that he is a law abiding, peaceful, and/or nonviolent person, the probative value of admitting his prior conviction for prison rioting would outweigh any potential prejudice. See Fed. R. Evid. 609(a)(1)(B). If Mr. Vivanco-Reyes chooses to testify, his credibility will be a central issue. His account of the June 6, 2025 incident, particularly his claimed intent when driving towards the officers, could be pivotal in this case. *See United States v. Alexander*, 48 F.3d 1477, 1489 (9th Cir. 1995) (prior conviction evidence properly

U.S. Response To Defense Motions In Limine - 7
*United States v. Vivanco-Reyes*/ CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

admitted when case turned on defendant's credibility). Any potential for prejudice can be addressed by a limiting jury instruction. Accordingly, if Mr. Vivanco-Reyes opens the door, the government would seek to admit evidence of his prison riot conviction.

**C. To the extent the Court permits her testimony, Mr. Vivanco-Reyes' proposed expert witness should be excluded from the courtroom during all portions of the trial until called to testify. The witness must testify at the trial in person.**

As an initial matter, the government maintains its position that testimony by proposed defense expert Dr. Yurivia Cervantes-Manzo must be excluded. Dkt. 20 at 11-14. However, if Dr. Cervantes-Manzo is permitted to appear as a witness in this case, she must be sequestered during all portions of this trial, other than during her own testimony. Mr. Vivanco-Reyes' request to have Dr. Cervantes-Manzo present in the courtroom during his testimony runs afoul of Federal Rule of Evidence 615(a), and the government's motion to exclude her testimony should be granted.

Federal Rule of Evidence Rule 615 dictates that "at the request of a party the court shall order witnesses excluded so they cannot hear the testimony of other witnesses[.]" An exception to this rule is if the witness is shown by a party "to be essential to the presenting the party's claim or defense[.]" Fed. R. Evid. 615(a)(3). "The purpose of this rule is to prevent witnesses from 'tailoring' their testimony to that of earlier witnesses." *United States v. Ell*, 718 F.2d 291, 293 (9th Cir.1983). The Ninth Circuit has recognized that an expert witness can be an "essential party" within the meaning of Rule 615(a)(3); however, this is not always the case. *Id.* at 1213 (citing *Morvant v. Constr. Aggregates Corp.*, 570 F.2d 626, 630 (6th Cir. 1978) ("[H]ad the framers intended it, they would have said so, or added a fourth exception.").

Here, Mr. Vivanco-Reyes argues that the presence of psychologist Dr. Cervantes-Manzo is "essential to presenting his defense," that because Mr. Vivanco-Reyes suffers from PTSD, he was supposedly incapable of forming the requisite intent to assault the federal officers. Dkt. 24 at 11-12. Mr. Vivanco-Reyes argues that Dr. Cervantes-Manzo's

U.S. Response To Defense Motions In Limine - 8
*United States v. Vivanco-Reyes*/ CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  presence is necessary during his testimony because she has not conducted her own

2  psychological evaluation of Mr. Vivanco-Reyes, and she needs "to listen and observe Mr.

3  Vivanco-Reyes describe his prior traumatic experiences and experience on June 6, 2025,"

4  in order inform her expert opinion about Mr. Vivanco-Reyes' PTSD diagnoses and

5  explain his behavior on that day. *Id*. at 13. Essentially, Mr. Vivanco-Reyes is requesting

6  that Dr. Cervantes-Manzo conduct a psychological evaluation of him in real-time, on the

7  fly, based on his statements during trial in response to questioning by counsel.

8       Mr. Vivanco-Reyes has not shown that the presence of Dr. Cervantes-Manzo

9  during his testimony is essential to the presentation of his case. As a threshold matter, any

10 testimony presented by Dr. Cervantes-Manzo relating to how PTSD may have affected

11 Mr. Vivanco-Reyes' ability to form intent is irrelevant. Again, assault on a federal officer

12 is a *general* intent crime, and diminished capacity is not a defense available to Mr.

13 Vivanco-Reyes in this case. *Vela*, 624 F.3d at 1154; *Twine*, 853 F.2d at 678 (diminished

14 capacity "is directly concerned with whether the defendant possessed the ability to attain

15 the culpable state of mind which defines the crime."). Dr. Cervantes-Manzo proffered

16 testimony concerns Mr. Vivanco-Reyes' diminished capacity and her generalized opinions

17 are thus irrelevant for this trial.

18      Additionally, Mr. Vivanco-Reyes has not provided—and cannot provide—the

19 government proper disclosure of Dr. Cervantes-Manzo's opinions that she would form

20 upon observing Mr. Vivanco-Reyes' live testimony. Mr. Vivanco-Reyes was required to

21 disclose (1) a complete statement of all opinions that the defense will elicit from the

22 witness; (2) the bases and reasons for them; (3) the witness's qualifications, including a

23 list of all publications authored in the previous 10 years; and (4) a list of all other cases in

24 which, during the previous 4 years, the witness has testified as an expert at trial or by

25 deposition. Fed. R. Crim. P. 16(b)(1)(C)(i); Dkt. 19 (setting forth September 19, 2025 as

26 the defense's expert disclosure deadline). The purpose of the rule is "to allow counsel to

27 frame a Daubert motion (or other motion in limine), to prepare for cross-examination, and

U.S. Response To Defense Motions In Limine - 9
*United States v. Vivanco-Reyes*/ CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to allow a possible counter-expert to meet the purport of the case-in-chief testimony.*"*
*United States v. Cerna*, 2010 WL 2347406, at *1 (N.D. Cal. June 8, 2010). On September
19, 2025, Mr. Vivanco-Reyes notified the government of his intent to present expert
testimony. The disclosure included a report authored by Dr. Cervantes-Manzo. That report
only addressed Dr. Cervantes-Manzo's opinions that she formed based on her review of
Mr. Vivanco-Reyes' medical records from an undisclosed time period, letters of support,
and her generalized knowledge about PTSD.

If Dr. Cervantes-Manzo is permitted to testify, her testimony must be limited to
only those opinions that were previously disclosed to the government. Any opinion that
Dr. Cervantes-Manzo would testify to that she based on her observations of Mr. Vivanco-
Reyes' testimony during trial would not have been appropriately disclosed to the
government. If this testimony of this nature were admitted, the government would be at
great disadvantage in its ability to assess the bases, reasons, and reliability of Dr.
Cervantes-Manzo's expert opinions. As such, Dr. Cervantes-Manzo's testimony relating
to any observation of Vivanco-Reyes' testimony must be excluded, and her presence is
therefore not essential to the presentation of his case. Mr. Vivanco-Reyes has not
established that an exception to Rule 615(a) applies, and she must be sequestered during
trial.

Furthermore, it cannot be overlooked that if this is the methodology on which Dr.
Cervantes-Manzo intends to rely in forming her expert opinion, this is yet another reason
Dr. Cervantes-Manzo should be excluded as an expert witness altogether. Federal Rule of
Evidence 702(c) allows for the admission of excerpt testimony only if "the testimony is
the product of reliable principles and methods." As discussed in *Daubert v. Merrell Dow
Pharms.*, 509 U.S. 579 (1993), district courts play an imperative "gatekeeping role" to
"ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to
the task at hand." *Daubert*, 509 U.S. at 597-80. This gatekeeping role "entails a
preliminary assessment of whether the reasoning or methodology underlying the

1    testimony is . . . valid and of whether that reasoning or methodology properly can be

2    applied to the facts in issue." *Id*. Mr. Vivanco-Reyes has failed to establish that the

3    proposed methodology of observing a defendant's testimony at trial is a reliable principle

4    or method use in psychology for evaluating that defendant's mental health diagnosis, let

5    alone evaluating the disorder's effects on a defendant's decision-making at a very specific

6    time. Accordingly, Dr. Cervantes-Manzo should be precluded from testifying at trial.

7        Mr. Vivanco-Reyes additionally requests that Dr. Cervantes-Manzo be permitted to

8    testify by video at the trial. The government opposes this request. Mr. Vivanco-Reyes

9    chose to retain an out-of-state psychologist, and now irrationally balks at the practicalities

10   involved in that choice. In requesting this accommodation, Mr. Vivanco-Reyes vaguely

11   describes that Dr. Cervantes-Manzo "lives and practices in California and has numerous

12   obligations that week, which makes travel to Seattle challenging." Dkt. 23 at 4. It remains

13   unclear what exactly those obligations are and when those obligations are scheduled.

14   Additionally, Mr. Vivanco-Reyes' expressed concerns relating to budget unavailability are

15   imprecise and speculative. *Id*. at 4. Most of all, the request for Dr. Cervantes-Manzo to

16   appear via video is especially perplexing considering Mr. Vivanco-Reyes has

17   simultaneously asserted that Dr. Cervantes-Manzo's presence during Mr. Vivanco-Reyes'

18   testimony is essential for him to present a defense in this case. For these reasons, the

19   motion to allow video appearance for Dr. Cervantes-Manzo should be denied.

20   //

21   //

22   //

23

24

25

26

27

U.S. Response To Defense Motions In Limine - 11
*United States v. Vivanco-Reyes*/ CR25-131-JNW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

### III.     CONCLUSION

For the foregoing reasons, the government opposes Mr. Vivanco-Reyes' motions in limine. The evidence of Mr. Vivanco-Reyes' prior acts as described herein are admissible; his criminal history is admissible if the defense opens the door to this topic; and, if permitted to testify, Dr. Cervantes-Manzo must be sequestered and should be required to testify in person at trial.

DATED this 8th day of October, 2025.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

*Katherine G. Collins*
KATHERINE G. COLLINS
*Jessica M. Ly*
JESSICA M. LY
Special Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:    206-553-4356
Fax:               206-553-0882
E-mail:          Katherine.Collins@usdoj.gov

I certify this response contains 3,543 words in compliance with the Local Criminal Rules.

U.S. Response To Defense Motions In Limine - 12
*United States v. Vivanco-Reyes*/ CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970