Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 25-CR-00131 JNW |
| Plaintiff, | |
| v. | |
| VICTOR VIVANO-REYES, | |
| Defendant. | |

## UNITED STATES' PROPOSED JURY INSTRUCTIONS
### (Cited)

The United States proposes the following jury instructions. The United States has conferred with Defense Counsel, who does not oppose the following instructions:

Plaintiff's Proposed Preliminary Instructions: 1, 3–13

Plaintiff's Proposed Course of Trial Instructions: 1-2, 4

Plaintiff's Proposed Close of Trial Instructions: 1–3, 5–10, 12, 14–15, 19–21, 23–24

These are therefore these are being proposed jointly.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       The United States requests leave to file additional instructions as they may become

2  appropriate during the course of trial.

3

4       DATED this 13th day of October, 2025.

5                          CHARLES NEIL FLOYD

6                          United States Attorney

7

8                          */s/ Katherine G. Collins*

                            KATHERINE G. COLLINS

9                          Special Assistant United States Attorney

10                        */s/ Jessica M. Ly*

11                        JESSICA M. LY

12                        Special Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States' Proposed Jury Instructions (Cited) - 2
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14    **PROPOSED PRELIMINARY JURY INSTRUCTIONS**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S REQUESTED INSTRUCTION NO. 1

INSTRUCTION NO. _____

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Model Jury Instruction - 1.1[1]

---

[1] Unless otherwise noted, all of the government's proposed instructions are from the Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, 2022 Edition, as updated in March 2025.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 2

INSTRUCTION NO. _____

This is a criminal case brought by the United States government. The government charges the defendant with Assault of a Federal Officer in violation of 18 U.S.C. § 111(a)(1) and (b) (Counts 1-4). The charges against the defendant are contained in the Indictment. The Indictment simply describes the charges the government brings against the defendant.  The Indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crime which the government must prove to make its case.  In order for the defendant to be found guilty of each charge of Assault of a Federal Officer, as charged in Counts 1 through 4, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted (J.M.)/(N.H.)/(G.P.)/(P.S.);

Second, the defendant did so while (J.M.)/(N.H.)/(G.P.)/(P.S.) was engaged in, or on account of his official duties; and

Third, the defendant used a deadly or dangerous weapon or inflicted bodily injury.

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A vehicle is a deadly or dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury.

Ninth Circuit Model Jury Instruction - 1.2, 8.2

United States' Proposed Jury Instructions (Cited) - 5
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 PLAINTIFF'S REQUESTED INSTRUCTION NO. 3
2 INSTRUCTION NO. _____
3
4 The evidence you are to consider in deciding what the facts are consists of:
5 First, the sworn testimony of any witness; and
6 Second, the exhibits which are received in evidence; and
7 Third, any facts to which the parties have agreed.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28 Ninth Circuit Model Jury Instruction - 1.3

United States' Proposed Jury Instructions (Cited) - 6
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1                 PLAINTIFF'S REQUESTED INSTRUCTION NO. 4

2                         INSTRUCTION NO. _____

3

4        The following things are not evidence, and you must not consider them as evidence in

5 deciding the facts of this case:

6        First, statements and arguments of the attorneys;

7        Second, questions and objections of the attorneys;

8        Third, testimony that I instruct you to disregard; and

9        Fourth, anything you may see or hear when the court is not in session even if what you

10 see or hear is done or said by one of the parties or by one of the witnesses.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 Ninth Circuit Model Jury Instruction - 1.4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1                      PLAINTIFF'S REQUESTED INSTRUCTION NO. 5

2                             INSTRUCTION NO. _____

3

4         Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

5  as testimony by a witness about what that witness personally saw or heard or did.

6  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which

7  one can find another fact.

8         You are to consider both direct and circumstantial evidence. Either can be used to prove

9  any fact.  The law makes no distinction between the weight to be given to either direct or

10  circumstantial evidence. It is for you to decide how much weight to give to any evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Ninth Circuit Model Jury Instruction - 1.5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    PLAINTIFF'S REQUESTED INSTRUCTION NO. 6

2    INSTRUCTION NO. _____

3

4    There are rules of evidence that control what can be received in evidence.  When a

5    lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks

6    that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the

7    objection, the question may be answered or the exhibit received.  If I sustain the objection, the

8    question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an

9    objection to a question, you must ignore the question and must not guess what the answer

10    would have been.

11    Sometimes I may order that evidence be stricken from the record and that you disregard

12    or ignore the evidence.  That means that when you are deciding the case, you must not consider

13    the evidence that I told you to disregard.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Ninth Circuit Model Jury Instruction - 1.6

PLAINTIFF'S REQUESTED INSTRUCTION NO. 7

INSTRUCTION NO. _____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       The weight of the evidence as to a fact does not necessarily depend on the number of

2  witnesses who testify about it.  What is important is how believable the witnesses are, and how

3  much weight you think their testimony deserves.

28  Ninth Circuit Model Jury Instruction - 1.7

United States' Proposed Jury Instructions (Cited) - 11
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 8

INSTRUCTION NO. ____

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   visit or view any place discussed in this case, and do not use the Internet or any other resource

2   to search for or view any place discussed during the trial.  Also, do not do any research about

3   this case, the law, or the people involved—including the parties, the witnesses or the lawyers—

4   until you have been excused as jurors.  If you happen to read or hear anything touching on this

5   case in the media, turn away and report it to me as soon as possible.

6        These rules protect each party's right to have this case decided only on evidence that has

7   been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

8   accuracy of their testimony is tested through the trial process.  If you do any research or

9   investigation outside the courtroom, or gain any information through improper

10  communications, then your verdict may be influenced by inaccurate, incomplete, or misleading

11  information that has not been tested by the trial process.  Each of the parties is entitled to a fair

12  trial by an impartial jury, and if you decide the case based on information not presented in

13  court, you will have denied the parties a fair trial.  Remember, you have taken an oath to

14  follow the rules, and it is very important that you follow these rules.

15        A juror who violates these restrictions jeopardizes the fairness of these proceedings,

16  and a mistrial could result that would require the entire trial process to start over.  If any juror

17  is exposed to any outside information, please notify the court immediately.

18

19

20

21

22

23

24

25

26

27

28  Ninth Circuit Model Jury Instruction - 1.8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 9

INSTRUCTION NO. ____

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Jury Instruction - 1.9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S REQUESTED INSTRUCTION NO. 10

INSTRUCTION NO. ____

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Jury Instruction - 1.10

United States' Proposed Jury Instructions (Cited) - 15
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3

PLAINTIFF'S REQUESTED INSTRUCTION NO. 11

INSTRUCTION NO. _____

4      The next phase of the trial will now begin.  First, each side may make an opening
5  statement.  An opening statement is not evidence.  It is simply an outline to help you
6  understand what that party expects the evidence will show.  A party is not required to make an
7  opening statement.
8      The government will then present evidence and counsel for the defendant may cross-
9  examine.  Then, if the defendant chooses to offer evidence, counsel for the government may
10  cross-examine.
11      After the evidence has been presented, I will instruct you on the law that applies to the
12  case and the attorneys will make closing arguments.
13      After that, you will go to the jury room to deliberate on your verdict.

28  Ninth Circuit Model Jury Instruction - 1.11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REQUESTED INSTRUCTION NO. 12

INSTRUCTION NO. _____

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Jury Instruction - 1.16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S REQUESTED INSTRUCTION NO. 13

INSTRUCTION NO. ____


(To Be Used if the Defendant Testifies)


A language other than English will be used for some evidence during this trial. When a witness testifies in another language, the witness will do so through an official court interpreter. When recorded evidence is presented in another language, there will be an official court translation of the recording.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation provided through the official court interpreters. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

Ninth Circuit Model Jury Instruction - 1.12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED COURSE OF TRIAL INSTRUCTIONS**

United States' Proposed Jury Instructions (Cited) - 19
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 1

INSTRUCTION NO. ____

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

Ninth Circuit Model Jury Instruction - 2.1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S REQUESTED INSTRUCTION NO. 2

INSTRUCTION NO. _____

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

Ninth Circuit Model Jury Instruction - 2.3

United States' Proposed Jury Instructions (Cited) - 21
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

PLAINTIFF'S REQUESTED INSTRUCTION NO. 3

INSTRUCTION NO. _____

You are about to hear testimony that the defendant previously fled from federal law enforcement agents during an attempted traffic stop. This evidence of other acts will be admitted only for limited purposes. You may consider this evidence only for the purpose of deciding whether the defendant:

had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment; or

had a motive or the opportunity to commit the acts charged in the indictment; or

did not commit the acts for which the defendant is on trial by accident or mistake.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for Assault of a Federal Officer, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction – 2.10

United States' Proposed Jury Instructions (Cited) - 22
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

PLAINTIFF'S REQUESTED INSTRUCTION NO. 4

2

INSTRUCTION NO. _____

3

4

(To Be Used if the Defendant Testifies)

5

6      You are about to hear testimony of a witness who will be testifying in the Spanish

7  language.  Witnesses who do not speak English or are more proficient in another language

8  testify through an official court interpreter.  Although some of you may know the Spanish

9  language, it is important that all jurors consider the same evidence.  Therefore, you must accept

10  the interpreter's translation of the witness's testimony.  You must disregard any different

11  meaning.

12

13      You must not make any assumptions about a witness or party based solely on the fact

that an interpreter was used.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ninth Circuit Model Jury Instruction – 2.9

United States' Proposed Jury Instructions (Cited) - 23
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15          **PROPOSED INSTRUCTIONS AT THE CLOSE OF TRIAL**
16
17
18
19
20
21
22
23
24
25
26
27
28

United States' Proposed Jury Instructions (Cited) - 24
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

PLAINTIFF'S REQUESTED INSTRUCTION NO. 1

2

INSTRUCTION NO. ____

3

4    Members of the jury, now that you have heard all the evidence, it is my duty to instruct
5    you on the law that applies to this case.  A copy of these instructions will be available in the
6    jury room for you to consult.

7    It is your duty to weigh and to evaluate all the evidence received in the case and, in that
8    process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts
9    as you find them, whether you agree with the law or not.  You must decide the case solely on
10   the evidence and the law.  You will recall that you took an oath promising to do so at the
11   beginning of the case.  You should also not be influenced by any person's race, color, religious
12   beliefs, national ancestry, sexual orientation, gender identity, gender, or economic
13   circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes,
14   sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.
15   Unconscious biases are stereotypes, attitudes, or preferences that people may consciously
16   reject but may be expressed without conscious awareness, control, or intention.

17   You must follow all these instructions and not single out some and ignore others; they
18   are all important.  Please do not read into these instructions or into anything I may have said or
19   done as any suggestion as to what verdict you should return—that is a matter entirely up to
20   you.

21

22

23

24

25

26

27

28   Ninth Circuit Model Jury Instruction - 6.1

United States' Proposed Jury Instructions (Cited) - 25
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REQUESTED INSTRUCTION NO. 2

INSTRUCTION NO. _____

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction - 6.2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S REQUESTED INSTRUCTION NO. 3A

INSTRUCTION NO. _____


(To Be Used if the Defendant Has Elected Not to Testify)


    A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

Ninth Circuit Model Jury Instruction - 6.3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

PLAINTIFF'S REQUESTED INSTRUCTION NO. 3B

2

INSTRUCTION NO. _____

3

4

(To Be Used if the Defendant Testifies)

5

6    The defendant has testified.  You should treat this testimony just as you would the

7    testimony of any other witness.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Ninth Circuit Model Jury Instruction – 6.4

1      PLAINTIFF'S REQUESTED INSTRUCTION NO. 4
2      INSTRUCTION NO. _____
3

4      Proof beyond a reasonable doubt is proof that leaves you firmly convinced the
5  defendant is guilty.  It is not required that the government prove guilt beyond all possible
6  doubt.
7      A reasonable doubt is a doubt based upon reason and common sense and is not based
8  purely on speculation.  It may arise from a careful and impartial consideration of all the
9  evidence, or from lack of evidence.
10      If after a careful and impartial consideration of all the evidence, you are not convinced
11 beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not
12 guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you
13 are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the
14 defendant guilty.
15
16
17
18
19
20
21
22
23
24
25
26
27
28 Ninth Circuit Model Jury Instruction – 6.5

United States' Proposed Jury Instructions (Cited) - 29
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REQUESTED INSTRUCTION NO. 5

INSTRUCTION NO. _____

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits received in evidence; and

(3)    any facts to which the parties have agreed.

Ninth Circuit Model Jury Instruction – 6.6

United States' Proposed Jury Instructions (Cited) - 30
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 6

INSTRUCTION NO. _____

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Jury Instruction – 6.7

1                    PLAINTIFF'S REQUESTED INSTRUCTION NO. 7

2                         INSTRUCTION NO. _____

3

4          Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

5   as testimony by a witness about what that witness personally saw or heard or did.

6   Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which

7   you can find another fact.

8          You are to consider both direct and circumstantial evidence.  Either can be used to

9   prove any fact.  The law makes no distinction between the weight to be given to either direct or

10  circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Ninth Circuit Model Jury Instruction – 6.8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 8

INSTRUCTION NO. _____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

United States' Proposed Jury Instructions (Cited) - 33
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        The weight of the evidence as to a fact does not necessarily depend on the number of

2    witnesses who testify.  What is important is how believable the witnesses were, and how much

3    weight you think their testimony deserves.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Ninth Circuit Model Jury Instruction - 6.9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S REQUESTED INSTRUCTION NO. 9

INSTRUCTION NO. _____

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Jury Instruction – 6.10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 10

INSTRUCTION NO. ____

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Model Jury Instruction – 6.11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REQUESTED INSTRUCTION NO. 11

INSTRUCTION NO. _____

The indictment charges that the offenses alleged in Counts 1 through 4 were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts 1 through 4 of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Ninth Circuit Model Jury Instruction – 6.18

United States' Proposed Jury Instructions (Cited) - 37
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S REQUESTED INSTRUCTION NO. 12

INSTRUCTION NO. _____

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Jury Instruction – 3.1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

PLAINTIFF'S REQUESTED INSTRUCTION NO. 13

2

INSTRUCTION NO. _____

3

4          You have heard evidence that the defendant committed acts not charged here.  You may

5    consider this evidence only for its bearing, if any, on the question of the defendant's intent,

6    motive, knowledge, absence of mistake, absence of accident, and for no other purpose. You

7    may not consider this evidence as evidence of guilt of the crime for which the defendant is now

8    on trial.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Ninth Circuit Model Jury Instruction – 3.3

United States' Proposed Jury Instructions (Cited) - 39
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

1     PLAINTIFF'S REQUESTED INSTRUCTION NO. 14

2       INSTRUCTION NO. _____

3

4   During the trial, certain charts and summaries were shown to you to help explain the

5 evidence in the case. These charts and summaries were not admitted into evidence and will not

6 go into the jury room with you. They are not themselves evidence or proof of any facts. If

7 they do not correctly reflect the facts or figures shown by the evidence in the case, you should

8 disregard these charts and summaries and determine the facts from the underlying evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 Ninth Circuit Model Jury Instruction – 3.16

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 15

INSTRUCTION NO. _____


(To Be Used if Expert Witness Testified)


You have heard testimony from Yurivia Cervantes-Manzo, Ph.D., who testified to opinions and the reasons for her opinions. This opinion testimony was allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Jury Instruction – 3.14

1 | PLAINTIFF'S REQUESTED INSTRUCTION NO. 16

2 | INSTRUCTION NO. _____

3

4 |     You have heard evidence that the defendant has previously been convicted of a crime.

5 | You may consider that evidence only as it may affect the defendant's believability as a witness.

6 | You may not consider a prior conviction as evidence of guilt of the crime for which the

7 | defendant is now on trial.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 | Ninth Circuit Model Jury Instruction - 6.1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 17

INSTRUCTION NO. ____

The defendant is charged in Counts 1-4 of the Indictment with Assault of a Federal Officer in violation of Sections 111(a)(1) and (b) of Title 18 of the United States Code on or about June 6, 2025. For each count, the Government must prove the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted (J.M.)/(N.H.)/(G.P.)/(P.S.);

Second, the defendant did so while (J.M.)/(N.H.)/(G.P.)/(P.S.) was engaged in, or on account of, his official duties; and

Third, the defendant used a deadly or dangerous weapon, or, as to Counts 2 and 4 only, inflicted bodily injury, with all of you agreeing as to whether the defendant in Counts 2 and 4 used a deadly or dangerous weapon, and/or inflicted bodily injury.

There is forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A person is a federal employee engaged in his official duties when he is employed by a federal agency and is performing duties that are relevant to the mission of that federal agency, as opposed to engaging in a personal frolic of his own. The defendant does not need to know the victim is a federal officer.

//
//
//
//
//
//

1    A vehicle is a deadly or dangerous weapon if it is used in a way that is capable of

2  causing death or serious bodily injury.

3    A "bodily injury" is any injury to the body, no matter how temporary. It includes any

4  cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; or impairment of the

5  function of a bodily member, organ, or mental faculty.

6    The government need not prove the defendant intended to cause bodily injury.

26

27  Ninth Circuit Model Jury Instruction – 8.2, *United States v. Ornelas*, 906 F.3d 1138, 1149 (9th Cir. 2018) (defining "engaged in the performance of official duties"), Eleventh Circuit Model

28  Jury Instruction (2016 ed., as updated in Sept. 2025) (defining "bodily injury"); Seventh Circuit Model Jury Instruction § 111(b) (2023 ed.) (similar).

United States' Proposed Jury Instructions (Cited) - 44
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2

PLAINTIFF'S REQUESTED INSTRUCTION NO. 18
INSTRUCTION NO. _____

3

4       Evidence has been admitted that the defendant may have suffered from diminished

5   capacity at the time that the crime charged was committed. Diminished capacity is concerned

6   with whether the defendant possessed the ability to attain the culpable state of mind which

7   defines the crime. Diminished capacity is not a defense to the crime of assault of a federal

8   officer.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ninth Circuit Model Jury Instruction – 5.11, 8.2
United States' Proposed Jury Instructions (Cited) - 45
*United States v. Vivanco-Reyes*, 25-CR-00131 JNW

PLAINTIFF'S REQUESTED INSTRUCTION NO. 19
INSTRUCTION NO. _____

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Ninth Circuit Model Jury Instruction – 6.19

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 20

INSTRUCTION NO. _____

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Jury Instruction – 6.20

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

PLAINTIFF'S REQUESTED INSTRUCTION NO. 21

2

INSTRUCTION NO. _____

3

4          Some of you have taken notes during the trial.  Whether or not you took notes, you

5 should rely on your own memory of what was said.  Notes are only to assist your memory.

6 You should not be overly influenced by your notes or those of your fellow jurors.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 Ninth Circuit Model Jury Instruction – 6.21

1    PLAINTIFF'S REQUESTED INSTRUCTION NO. 22

2    INSTRUCTION NO. _____

3

4        The punishment provided by law for this crime is for the court to decide.  You may not

5    consider punishment in deciding whether the government has proved its case against the

6    defendant beyond a reasonable doubt.

28    Ninth Circuit Model Jury Instruction – 6.22

1                PLAINTIFF'S REQUESTED INSTRUCTION NO. 23

2                      INSTRUCTION NO. _____

3

4       A verdict form has been prepared for you.

5       If you find the defendant guilty of Count 2 and/or Count 4, you must also answer the

6 two additional questions specified on the verdict form.

7       After you have reached unanimous agreement on a verdict, your foreperson should

8 complete the verdict form according to your deliberations, sign and date it, and advise the clerk

9 that you are ready to return to the courtroom.

28 Ninth Circuit Model Jury Instruction – 6.23

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S REQUESTED INSTRUCTION NO. 24

INSTRUCTION NO. _____

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Jury Instruction – 6.24

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970