UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR VIVANCO-REYES,<br><br>Defendant. | CASE NO. 2:25-cr-00131-JNW<br><br>ORDER CONTINUING TRIAL DATE |

This matter comes before the Court on Defendant Victor Vivanco-Reyes's Second Motion to Continue. Dkt. No. 30. Having reviewed the motion, the Government's opposition, Dkt. No. 31, the reply, Dkt. No. 32, and all other supporting materials, the Court GRANTS the Motion.

According to Defendant, the "core" of his defense will be whether he "had the requisite mens rea to be found guilty of the charged offenses." Mot. at 5. In turn, he has sought the services of Dr. Cervantes-Manzo, a California-licensed neuropsychologist who will be able and willing to "evaluate Defendant in his native language." *Id.* at 3. Before Dr. Cervantes-Manzo may evaluate Defendant, however, she must obtain a temporary license to practice in Washington. *Id.* at 2. Dr.

ORDER CONTINUING TRIAL DATE - 1

Cervantes-Manzo submitted her application for a temporary license on August 5, 2025, which remains pending. *Id.* at 2; Dkt. No. 30-2 ¶ 10. Defendant does not know when, or if, Dr. Cervantes-Manzo's application will be approved of by the Washington Department of Health. Dkt. No. 33 ¶ 9.

Defendant also expressed concern about jury composition during the government shutdown, but this issue has been resolved by subsequent guidance from the Administrative Office of the Courts. Dkt. No. 41.

In response, the Government mostly takes issue with the timing of this request. The Government has a point. Defense counsel was appointed on June 9, 2025, but did not apply for the necessary temporary license until August 5, 2025, did not inform the Government of potential issues until mid-September, and did not file this motion until October 10, 2025—less than three weeks before trial. While the Court has serious concerns about this timeline, the constitutional implications of denying Defendant the ability to present expert testimony on a central issue in this case requires granting relief.

Having considered Defendant's motion and the relevant record, the Court FINDS as follows:

(a) taking into account the exercise of due diligence, a failure to grant a continuance in this case would deny counsel for the defendant the reasonable time necessary for effective preparation due to counsel's need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv);

(b) a failure to grant such a continuance in this proceeding would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i);

(c) the additional time requested is a reasonable period of delay, as the defendant has requested more time to prepare for trial, to investigate the matter, to gather evidence material to the defense, and to consider possible defenses;

(d) the ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendant in any speedier trial, as set forth in 18 U.S.C. § 3161(h)(7)(A);

(e) the additional time requested between the current trial date of October 27, 2025, and the new trial date is necessary to provide counsel for the defendant the reasonable time necessary to prepare for trial, considering counsel's schedule and all of the facts set forth above;

(f) the period of delay from the date of this order to the new trial date is excludable time pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv).

Accordingly, the Court GRANTS Defendant's motion to continue trial. Dkt. No. 30.

The Parties are DIRECTED to meet and confer regarding potential trial dates between November 17, 2025, and January 12, 2026, taking into account: (1) the timing of Dr. Cervantes-Manzo's evaluation; (2) the need for adequate time for supplemental expert disclosures and rebuttal; (3) counsel's schedules; and (4) witness availability.

The parties must submit a joint status report to the Court by October 23, 2025, proposing a new trial date. Absent extraordinary circumstances, the trial date will not extend beyond January 12, 2026.

The Court will address the timing of supplemental expert disclosures and any rebuttal when it sets the new trial date.

Dated this 16th day of October, 2025.

Jamal N. Whitehead
United States District Judge