THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VICTOR VIVANCO-REYES,<br><br>    Defendant. | No. CR25-131-JNW<br><br>DEFENSE PROPOSED JURY INSTRUCTIONS (CITED) |

Victor Vivanco-Reyes, through counsel, submits the following proposed jury instructions.

DATED this 1st day of December 2025.

                              Respectfully submitted,

                              s/ *Colleen P. Fitzharris*
                              s/ *Mukund Rathi*
                              Assistant Federal Public Defenders
                              Attorneys for Victor Vivanco-Reyes

DEFENSE PROPOSED JURY INSTRUCTIONS
(CITED)
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

**DEFENSE PROPOSED PRELIMINARY INSTRUCTION NO. 1**

This is a criminal case brought by the United States government. The government charges the defendant with Assault of a Federal Officer in violation of 18 U.S.C. § 111(a) and (b) (Counts 1–4). The charges against Mr. Vivanco-Reyes are contained in the indictment. The indictment simply describes the charges the government brings against Mr. Vivanco-Reyes. The indictment is not evidence and does not prove anything.

Mr. Vivanco-Reyes has pleaded not guilty to the charges and is presumed innocent unless and until the government proves him guilty beyond a reasonable doubt. In addition, Mr. Vivanco-Reyes has the right to remain silent and never has to prove innocence or to present any evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crime which the government must prove to make its case. In order for Mr. Vivanco-Reyes to be found guilty of each charge of Assault of a Federal Officer, as charged in Counts 1 through 4, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Vivanco-Reyes forcibly assaulted (J.M.)/(N.H.)/(G.P.)/(P.S.);

Second, Mr. Vivanco-Reyes did so while (J.M.)/(N.H.)/(G.P.)/(P.S.) was engaged in, or on account of, his official duties; and

Third, Mr. Vivanco-Reyes used a deadly or dangerous weapon or inflicted bodily injury.

There is a forcible assault when one person intentionally strikes another.

A vehicle is a deadly or dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury and is not for flight.

[If Mr. Vivanco-Reyes elects to argue self-defense:]

DEFENSE PROPOSED JURY INSTRUCTIONS (CITED)
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

1      Mr. Vivanco-Reyes asserts that he acted in self-defense.

2      It is a defense to the charge if (1) Mr. Vivanco-Reyes did not know that (J.M.)/(N.H.)/(G.P.)/(P.S.) was a federal officer; (2) Mr. Vivanco-Reyes reasonably believed that use of force was necessary to defend himself against an immediate use of unlawful force; and (3) Mr. Vivanco-Reyes used no more force than appeared reasonably necessary in the circumstances.

       Alternatively, it is a defense to the charge if (1) Mr. Vivanco-Reyes knew (J.M.)/(N.H.)/(G.P.)/(P.S.) was a federal officer; (2) (J.M.)/(N.H.)/(G.P.)/(P.S.) appeared to use excessive force; and (3) Mr. Vivanco-Reyes used no more force than appeared reasonably necessary to defend himself.

Ninth Circuit Model Jury Instructions 1.2, 8.2 (modified), 8.3 (modified per *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992) (discussing instruction for excessive force)).

DEFENSE PROPOSED JURY INSTRUCTIONS (CITED)
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 3

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

#### DEFENSE PROPOSED PRELIMINARY INSTRUCTION NO. 2

I instruct you that you must presume Mr. Vivanco-Reyes to be innocent of the crime charged. Thus, although accused of a crime in the indictment, he begins the trial with a "clean slate"—with no evidence against him. The indictment is not evidence of any kind. The law permits nothing but legal evidence, presented before the jury in court, to be considered in support of any charge against Mr. Vivanco-Reyes. The presumption of innocence alone is sufficient to acquit him.

The burden is always upon the prosecution to prove guilt beyond all possible doubt. This burden never shifts to Mr. Vivanco-Reyes for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Mr. Vivanco-Reyes is not even obligated to produce any evidence by cross-examining the witnesses for the government.

The government need not prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be such convincing proof that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that Mr. Vivanco-Reyes has committed each and every element of the offense charged in the indictment, you must find him not guilty of the offense. If you view the evidence as reasonably permitting either of two conclusions—one of innocence, the other of guilt—you must, of course, adopt the conclusion of innocence.

1 Kevin F. O'Malley, *et al.*, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 12.10 (6th ed. 2008) (hesitate to act paragraph); *Ramirez v. Hatcher*, 136 F.3d 1209, 1213 (9th Cir. 1998) ("[t]his circuit has endorsed a definition of reasonable doubt as the

DEFENSE PROPOSED JURY INSTRUCTIONS (CITED)
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 4

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

kind of doubt that would cause a reasonable person to hesitate to act (citation omitted), and the Supreme Court has indicated that 'the hesitate to act standard gives a common sense benchmark for just how substantial [a reasonable] doubt must be'" (quoting *Victor v. Nebraska*, 511 U.S. 1, 20–21 (1994)); *United States v. Velasquez*, 980 F.2d 1275, 1278 (9th Cir. 1992) (noting that "some Ninth Circuit opinions have expressed a preference for the 'hesitate to act' language," though failure to use it not "necessarily" reversible error); *United States v. Nolasco*, 926 F.2d 869, 871 (9th Cir. 1991) ("We have generally warned against significant departure from the 'hesitate to act' language, see *United States v. Robinson*, 546 F.2d 309, 313–14 (9th Cir. 1976), *cert. denied*, 430 U.S. 918, 97 S.Ct. 1333, 51 L.Ed.2d 597 (1977), although we have upheld the use of other definitions"); *Mullaney v. Wilbur*, 421 U.S. 684, 699–703 (1975) (burden cannot shift); *In re Winship*, 397 U.S. 358, 365 (1970) (government bears reasonable doubt burden); *United States v. Zumpano*, 436 F.2d 535, 538 (9th Cir. 1970) (instruction to jury: "If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable and one of which points to the guilt of the defendant and the other to his innocence[,] it is your duty under the law to adopt the interpretation which will admit of the defendant's innocence and reject that which points to his guilt.").

DEFENSE PROPOSED JURY INSTRUCTIONS
(CITED)
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 5

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

## DEFENSE PROPOSED IN-TRIAL INSTRUCTION NO. 1

You are to treat the testimony of law enforcement officers like the testimony of any other witness. Their testimony should be given no greater or lesser weight than any other witness. Just as you would any other witness, you may decide that a witness who is a law enforcement officer is not credible, is biased, or is interested in a particular outcome of a case.

*See generally* Vida B. Johnson, *Bias in Blue: Instructing Jurors to Consider the Testimony of Police Officer Witnesses with Caution*, 44 Pepp. L. Rev. 245 (2017).

DEFENSE PROPOSED JURY INSTRUCTIONS (CITED)
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 6

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

## DEFENSE PROPOSED FINAL INSTRUCTION NO. 1

Mr. Vivanco-Reyes is charged in Counts 1 through 4 of the indictment with Assault of a Federal Officer on or about June 6, 2025, in violation of Sections 111(a)(l) and (b) of Title 18 of the United States Code. For each count, the government must prove the following elements beyond a reasonable doubt:

First, Mr. Vivanco-Reyes forcibly assaulted (J.M.)/(N.H.)/(G.P.)/(P.S.);

Second, Mr. Vivanco-Reyes did so while (J.M.)/(N.H.)/(G.P.)/(P.S.) was engaged in, or on account of, his official duties; and

Third, Mr. Vivanco-Reyes used a deadly or dangerous weapon, or, as to Counts 2 and 4 only, inflicted bodily injury, with all of you agreeing as to whether Mr. Vivanco-Reyes in Counts 2 and 4 used a deadly or dangerous weapon, and/or inflicted bodily injury.

There is a forcible assault when one person intentionally strikes another. A person acts intentionally when he consciously desires a particular result or is aware that a result is practically certain to follow from his conduct. There is not a forcible assault when one person recklessly strikes another. A person is reckless when he consciously disregards a substantial and unjustifiable risk attached to his conduct, in gross deviation from accepted standards.

A person is a federal employee engaged in his official duties when he is employed by a federal agency and is acting within the scope of his employment and within his agency's overall mission, as opposed to engaging in a personal frolic of his own.

A vehicle is a deadly or dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury and is not for flight.

DEFENSE PROPOSED JURY INSTRUCTIONS (CITED)
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 7

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

1   A bodily injury is any significant injury, e.g., an injury that is painful and
2   obvious, or is of a type of injury for which medical attention ordinarily would be
3   sought.

Ninth Circuit Model Jury Instructions 1.2, 8.2 (modified per *Borden v. United States*, 593 U.S. 420, 426–27 (2021) (defining purpose, knowledge, and recklessness); *United States v. Ornelas*, 906 F.3d 1138, 1149 (9th Cir. 2018) (defining official duties); *United States v. Arrington*, 309 F.3d 40, 45 (defining vehicle as deadly or dangerous weapon); USSG § 1B1.1 app. n. 1(B) (defining bodily injury)).

DEFENSE PROPOSED JURY INSTRUCTIONS (CITED)
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 8

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

**DEFENSE PROPOSED FINAL INSTRUCTION NO. 2**

Mr. Vivanco-Reyes has made several arguments in his own defense. The government has the burden of proving its case beyond a reasonable doubt. Mr. Vivanco-Reyes need not prove that he is not guilty. However, if you find any of Mr. Vivanco-Reyes's arguments in his own defense to be reasonable, then you must find him not guilty.

First, Mr. Vivanco-Reyes argues that his conduct may have been reckless, but that he did not intentionally strike (J.M.)/(N.H.)/(G.P.)/(P.S.).

A person is reckless when he consciously disregards a substantial and unjustifiable risk attached to his conduct, in gross deviation from accepted standards. By contrast, a person acts intentionally when he consciously desires a particular result or is aware that a result is practically certain to follow from his conduct.

If you find that it is reasonable to believe that Mr. Vivanco-Reyes struck (J.M.)/(N.H.)/(G.P.)/(P.S.) recklessly, but not intentionally, then you must find him not guilty.

Second, Mr. Vivanco-Reyes argues that he used the vehicle for flight, and not as a deadly or dangerous weapon.

If you find it is reasonable to believe that Mr. Vivanco-Reyes used his vehicle for flight, then you must find him not guilty.

And third, Mr. Vivanco-Reyes argues that, insofar as he used force, he acted in self-defense.

Mr. Vivanco-Reyes acted in self-defense if (J.M.)/(N.H.)/(G.P.)/(P.S.) appeared to use excessive force and any force Mr. Vivanco-Reyes used appeared to be reasonably necessary to defend himself.

DEFENSE PROPOSED JURY INSTRUCTIONS (CITED)
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 9

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

1  |  If you find that it is reasonable to believe that Mr. Vivanco-Reyes acted in self-
2  |  defense, then you must find him not guilty.

20  |  Ninth Circuit Model Jury Instructions 8.2 (modified per *Borden v. United States*, 593
21  |  U.S. 420, 426–27 (2021) (defining purpose, knowledge, and recklessness); *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002) (defining vehicle as deadly or dangerous weapon)), 8.3 (modified per *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992) (discussing instruction for excessive force)); *United States v. Zumpano*, 436 F.2d 535, 538 (9th Cir. 1970) (instruction to jury "If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable and one of which points to the guilt of the defendant and the other to his innocence[,] it is your duty under the law to adopt the interpretation which will admit of the defendant's innocence and reject that which points to his guilt.").

DEFENSE PROPOSED JURY INSTRUCTIONS
(CITED)
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 10

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

## DEFENSE PROPOSED FINAL INSTRUCTION NO. 3

Mr. Vivanco-Reyes asserts that he acted in self-defense.

It is a defense to the charge if (1) Mr. Vivanco-Reyes did not know that (J.M.)/(N.H.)/(G.P.)/(P.S.) was a federal officer; (2) Mr. Vivanco-Reyes reasonably believed that use of force was necessary to defend himself against an immediate use of unlawful force; and (3) Mr. Vivanco-Reyes used no more force than appeared reasonably necessary in the circumstances.

Alternatively, it is a defense to the charge if (1) Mr. Vivanco-Reyes knew (J.M.)/(N.H.)/(G.P.)/(P.S.) was a federal officer; (2) (J.M.)/(N.H.)/(G.P.)/(P.S.) appeared to use excessive force; and (3) Mr. Vivanco-Reyes used no more force than appeared reasonably necessary to defend himself.

Force which is likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

In addition to proving all the elements of the crime beyond a reasonable doubt, the government must also prove beyond a reasonable doubt either (1) that Mr. Vivanco-Reyes knew that (J.M.)/(N.H.)/(G.P.)/(P.S.) was a federal officer and (J.M.)/(N.H.)/(G.P.)/(P.S.) did not appear to use excessive force, or that (J.M.)/(N.H.)/(G.P.)/(P.S.) appeared to use excessive force but Mr. Vivanco-Reyes used more force than appeared reasonably necessary to defend himself, or (2) that Mr. Vivanco-Reyes did not reasonably believe force was necessary to defend against an immediate use of unlawful force, or (3) that Mr. Vivanco-Reyes used more force than appeared reasonably necessary in the circumstances.

Ninth Circuit Model Jury Instruction 8.3 (modified per *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992) (discussing instruction for excessive force)).

DEFENSE PROPOSED JURY INSTRUCTIONS (CITED)
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 11

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

**DEFENSE PROPOSED FINAL INSTRUCTION NO. 4**

If you find Mr. Vivanco-Reyes guilty, it will be up to me to establish the punishment, which may include incarceration in jail or prison and a fine.

If you find Mr. Vivanco-Reyes guilty, your verdict authorizes me to impose a sentence of up to twenty years in prison for each count of conviction.

*See* U.S. Const. amend. VI; *Alleyne v. United* States, 570 U.S. 99 (2013) *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and Daniel Epps & William Ortman, *The Informed Jury*, 75 Vand. L. Rev. 823, 856 (2022).

DEFENSE PROPOSED JURY INSTRUCTIONS (CITED)
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 12

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**