UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR VIVANCO-REYES,<br><br>Defendant. | CASE NO. 2:25-cr-00131-JNW<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXTEND EXPERT DISCLOSURE DEADLINE |

This matter comes before the Court on Defendant Victor Vivanco-Reyes's Motion to Extend Expert Disclosure Deadline. Dkt. No. 47. Having reviewed the motion, the Government's opposition, Dkt. No. 48, the reply, Dkt. No. 49, and all supporting materials, the Court GRANTS IN PART the motion.

The Court has already continued the trial date once to accommodate Dr. Yurivia Cervantes-Manzo's evaluation of Defendant. In its October 16, 2025, order, the Court expressed "serious concerns about this timeline" while recognizing "the constitutional implications of denying Defendant the ability to present expert testimony on a central issue[.]" Dkt. No. 43 at 2. Those concerns have not abated.

The record reflects that Dr. Cervantes-Manzo's license application remains pending due in part to the incomplete application she submitted to the Washington State Department of Health, a problem defense counsel should have anticipated and addressed sooner. Dkt. No. 47-1 at 4–5. But it is also due to "staffing changes" and "system updates" at the Department of Health. *Id.* at 2. Thus, the delay is not solely attributable to the defense. And Defendant represents that the supplemental documentation has now been submitted and that "resolution" is expected "soon." Dkt. No. 49 at 2.

The Court must balance its obligation to enforce scheduling orders against the constitutional right to present a defense. A modest extension preserves Defendant's ability to present expert testimony on mens rea—the core of his defense, he says—without jeopardizing the January 5, 2026, trial date.

But the requested two-week extension is too long under the circumstances. The Court will grant a shorter extension that accommodates the pending license while ensuring the Government has adequate time to prepare its rebuttal before the holidays. *See U.S. v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999) (trial courts are granted broad discretion on matters related to the trial schedule) (citing *Morris v. Slappy,* 461 U.S. 1, 11 (1983)).

Accordingly, the Court ORDERS as follows:

1. Defendant's expert disclosure deadline is extended from December 1, 2025, to December 5, 2025.

2. The Government's rebuttal expert disclosure deadline is extended from December 12, 2025, to December 15, 2025.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXTEND EXPERT DISCLOSURE DEADLINE - 2

3.  All other pretrial deadlines remain the same. *See* Dkt. No. 46.

This is the final extension the Court will grant for expert disclosures. If Dr. Cervantes-Manzo's temporary license is not approved in time to complete her evaluation by December 5, 2025, Defendant will proceed with her existing record-based report.

Dated this 3rd day of December, 2025.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXTEND EXPERT DISCLOSURE DEADLINE - 3