THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR25-131-JNW |
| Plaintiff, | |
| v. | SUPPLEMENTAL DEFENSE MOTION IN LIMINE |
| VICTOR VIVANCO-REYES, | |
| Defendant. | |

Victor Vivanco-Reyes, through his attorneys, files a supplemental motion in limine.

## I. THE COURT SHOULD ADMIT THE EXPERT TESTIMONY OF ANDREW GILL.

Mr. Vivanco-Reyes's trial is scheduled to begin on January 5, 2026. He intends to call as an expert witness Andrew Gill, who will testify to Mr. Vivanco-Reyes's PTSD. Mr. Gill's evaluation of Mr. Vivanco-Reyes and his CV are defense trial exhibits, A-2 and A-14, respectively, and have been previously filed. Dkt. 63 (evaluation, filed under seal); Dkt. 62-1 (CV). Mr. Vivanco-Reyes's PTSD is critical to his defense case, as extensively briefed. E.g., Dkt. 23 at 1–4.

Mr. Gill evaluated and diagnosed Mr. Vivanco-Reyes with PTSD in 2023. Dkt. 63 at 20. This was in part due to Mr. Vivanco-Reyes's exposure to cartel violence as a child. *Id*. Some of his experiences are strikingly similar to the incident in this case. Dkt. 23 at 2–3 (describing one such experience).

SUPPLEMENTAL MOTION IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

In this case, 18 U.S.C. § 111(b) requires the government to prove that Mr. Vivanco-Reyes's "conduct was volitional and intentional." Dkt. 61 at 3. As separately briefed, and as proposed in jury instructions, reckless conduct is not intentional. E.g., Dkt. 53 at 9–10 (citing *Borden v. United States*, 593 U.S. 420, 426–27 (2021), which defines purpose, knowledge, and recklessness). While Mr. Vivanco-Reyes intentionally or recklessly injured anyone is not relevant, whether he intentionally or recklessly struck anyone is. Expert testimony about Mr. Vivanco-Reyes's PTSD and how it impacts his cognitive functioning is critical to deciding whether he struck anyone recklessly or intentionally.

Excluding expert testimony will interfere with Mr. Vivanco-Reyes's right to present a defense, as guaranteed by the Sixth Amendment. *In re Winship*, 397 U.S. 357, 363–64 (1970). The right to present a defense "generally includes the right to the admission of competent, reliable, exculpatory evidence to negate an element of the offense." *United States v. Odeh*, 815 F.3d 968, 977 (6th Cir. 2016) (quotations omitted). Restrictions on a defendant's right to present a defense "may not be arbitrary or disproportionate to the purposes they are designed to serve." *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)). Here, preventing Mr. Vivanco-Reyes from introducing evidence of his PTSD diagnosis and the impact of that disorder on cognitive functioning would violate the Sixth Amendment and is not required by Federal Rules of Evidence 702 and 403.

Finally, the defense sufficiently disclosed Mr. Gill's expert testimony. The defense disclosed the evaluation in early discovery and put Mr. Gill on its witness list. On December 9, 2025, the defense obtained Mr. Gill's CV, confirmed his lack of publication or testimony history, and provided this to the government. That was two business days after the extended disclosure deadline. Dkt. 56 at 3. The defense regrets this delay. However, there is no prejudice to the government since that is a short delay

SUPPLEMENTAL MOTION IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

and the government has long had Mr. Gill's evaluation and been on notice of the substance of the testimony on PTSD.

DATED this 19th day of December 2025.

                        Respectfully submitted,

                        s/ *Mukund Rathi*
                        s/ *Colleen P. Fitzharris*
                        Assistant Federal Public Defenders
                        Attorneys for Victor Vivanco-Reyes

I certify this motion contains 503 words in compliance with the Local Criminal Rules.

SUPPLEMENTAL MOTION IN LIMINE
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**