UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR VIVANCO-REYES,<br><br>Defendant. | CASE NO. 2:25-cr-00131-JNW<br><br>ORDER ON MOTIONS IN LIMINE AND DEFENDANT'S REQUEST TO PERMIT VIDEO TESTIMONY |

# 1. INTRODUCTION

This matter comes before the Court on the parties' motions in limine, Dkt. Nos. 20, 24, and Defendant's separately filed motion to permit video testimony at trial, Dkt. No. 23. Having considered the motions, responses, replies, and the record, and being fully informed, the Court ORDERS as explained below.

# 2. BACKGROUND

Defendant Victor Vivanco-Reyes is charged with four counts of Assault of a Federal Officer in violation of 18 U.S.C. § 111(a) and (b). The charges stem from an incident on June 6, 2025, in which Vivanco-Reyes allegedly drove his truck and

trailer into law enforcement vehicles while federal officers tried to execute an immigration warrant. Trial is scheduled to begin on January 5, 2026.

### 3. LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions in limine must identify the specific evidence sought to be excluded and detail the reasoning for inadmissibility. *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020). Although they are usually used to exclude evidence, they may also be used to admit certain evidence. *See Piper Aircraft Corp. v. Wag-Aero, Inc.* 741 F2d 925, 930 (7th Cir. 1984).

Trial courts possess broad discretion when ruling on motions in limine. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008) (citing *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008)). Denial of a motion in limine does not guarantee admission of contested evidence, but merely indicates that without trial context, the court cannot make a proper determination regarding exclusion. *See Heller*, 551 F.3d at 1111–12. And if the court grants a motion in limine, it may still revisit its earlier ruling based on the events at trial. *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.").

ORDER ON MOTIONS IN LIMINE AND DEFENDANT'S REQUEST TO PERMIT VIDEO TESTIMONY - 2

## 4. AGREED MOTIONS

The Court GRANTS the agreed motions below, as reflected in the parties' filings.

Both parties request that all potential witnesses be excluded from the courtroom until they are called to testify. Dkt. No. 20 at 3–4. The Government's case agent, Homeland Security Investigations ("HSI") Special Agent Jacob Black, and the defense's investigator, Charles Formosa, may remain at counsel table throughout the trial. *Id.* Aside from Black and Formosa, all other potential witnesses will be excluded until they are due to testify.

Both parties also agree that no evidence, questioning, or argument will be presented concerning Vivanco-Reyes's substance use. *Id.* The Court will not admit any such evidence.

## 5. GOVERNMENT'S MOTIONS IN LIMINE

The Court rules as follows on the Government's motions in limine:

**5.1  Government's Motion A: Exclude evidence, argument, or any mention of potential penalties or collateral consequences if Vivanco-Reyes were found guilty.**

The Government moves to exclude any references to potential penalties or collateral consequences, including deportation. Dkt. No. 20 at 4–5. The motion is GRANTED.

There is a clear line between the jury's domain and the judge's—the jury finds facts and renders a verdict; the judge determines the sentence. *Shannon v. United States*, 512 U.S. 573, 579 (1994). Because punishment lies outside the jury's

function, evidence or argument about potential penalties is irrelevant to the jury's task and should not be considered. *Id.*; *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict."). This reasoning extends to potential immigration consequences. *See, e.g., United States v. Mercado*, No. 18-CR-00549-LHK-3, 2020 WL 496069, at *3 (N.D. Cal. Jan. 30, 2020) (Koh, J.).

Vivanco-Reyes concedes, as he must, that this Court is bound by *Shannon* and Circuit precedent on this point, but he objects nevertheless to preserve the issue for appellate review. Dkt. No. 26 at 2.

### 5.2 Government's Motion B: Admit evidence of defendant's prior flight from law enforcement.

The Government moves to admit evidence of Vivanco-Reyes's flight from law enforcement on May 22, 2025. Dkt. No. 20 at 5–11. The motion is GRANTED.

Two weeks before the charged assaults, HSI agents attempted to execute the same immigration warrant by initiating a traffic stop. Dkt. No. 20 at 6. Vivanco-Reyes allegedly fled, speeding away and nearly striking a pedestrian. *Id.* This evidence is admissible under Rule 404(b) to prove, among other things, intent, absence of mistake, and lack of accident. *See* Fed. R. Evid. 404(b)(2). Evidence of a defendant's uncharged acts is admissible under Rule 404(b) if it "'(1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged.'" *United States v. Wells*, 879 F.3d 900, 930 (9th Cir. 2018) (quoting *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002)).

ORDER ON MOTIONS IN LIMINE AND DEFENDANT'S REQUEST TO PERMIT VIDEO TESTIMONY - 4

All four criteria are satisfied here. First, the evidence is material because it is directly probative of Vivanco-Reyes's intent on June 6, 2025. The alleged prior flight put him on notice that law enforcement was seeking him; his ramped-up response two weeks later—driving into officers' vehicles—is probative of whether the collisions were intentional or accidental. Second, the May 22 incident is temporally proximate, occurring just fifteen days before the charged conduct. Third, the Government proffers that an HSI agent will testify that he identified Vivanco-Reyes as the driver. Dkt. No. 20 at 9. Fourth, the incidents are sufficiently similar, as Vivanco-Reyes is alleged in both instances to have fled from law enforcement in a vehicle after officers signaled their presence with lights and sirens. *Id.* at 2, 9.

The Court also finds that the probative value of this evidence is not substantially outweighed by the dangers found in Rule 403. The Government plans to present the prior flight through brief testimony from a single witness. Any risk of unfair prejudice can be mitigated by a limiting instruction, which the jury is presumed to follow. *See United States v. Romero*, 282 F.3d 683, 688 n.1 (9th Cir. 2002). Vivanco-Reyes's argument that the May 22 incident requires a "mini-trial" on disputed facts is unpersuasive. Dkt. Nos. 24 at 7; 26 at 2. The Government's evidence is straightforward and can be presented efficiently.

**5.3    Government's Motion C: Exclude testimony by defense expert Dr. Cervantes-Manzo as irrelevant, unreliable, and misleading.**

The Government moves to exclude Vivanco-Reyes's proffered expert, Dr. Yurivia Cervantes-Manzo, a psychologist, on the grounds that her testimony goes to an impermissible diminished capacity defense. Dkt. No. 20 at 11–14.

To begin, while the Court's prior scheduling orders gave Vivanco-Reyes the opportunity to develop his expert record, *see, e.g.*, Dkt. No. 43 at 2, the Court did not prejudge whether that testimony would be admissible. The most recent extension anticipated that if Dr. Cervantes-Manzo's license was not approved in time, Vivanco-Reyes would need to "proceed with [the] existing record-based report.". Dkt. No. 56 at 3. That is what happened. The Court now considers the proffered testimony of Dr. Cervantes-Manzo as it stands without the further development sought by Vivanco-Reyes.

Vivanco-Reyes wishes to present expert testimony from Dr. Cervantes-Manzo on "how post-traumatic stress disorder and adverse childhood experiences affect cognitive functioning and decision making—particularly while under stress." Dkt. No. 24 at 11. Dr. Cervantes-Manzo would also testify that individuals with PTSD "show increased responsiveness to traumatic and emotional stimuli, decreased emotional regulation, and reduced executive functioning," and that "the impact of PTSD on the brain often causes those who suffer from it to show inefficient problem solving and decision making, particularly due to the overactivation of the fight or flight response." Dkt. No. 26 at 6.

Vivanco-Reyes has been explicit that the purpose of this testimony is to support his theory that he "panicked and tried to get away, but he could not access his ability to rationalize and stop or think through the potential consequences of his panicked flight" and that "[t]he cognitive resources needed to drive effectively were severely compromised." Dkt. No. 24 at 12. Vivanco-Reyes argues that "Dr. Cervantes-Manzo's testimony is critical to understanding why [his] cognitive

faculties were compromised and [why he] made decisions that were reckless but not intentional." Dkt. No. 58 at 5.

This is a diminished capacity defense, no matter how Vivanco-Reyes slices it. Diminished capacity evidence is "directly concerned with whether the defendant possessed the ability to attain the culpable state of mind which defines the crime." *United States v. Twine*, 853 F.2d 676, 678 (9th Cir. 1988). The Ninth Circuit has "held that a defense of diminished capacity, like voluntary intoxication, is ordinarily available only when a crime requires proof of a specific intent." *United States v. Vela*, 624 F.3d 1148, 1154 (9th Cir. 2010) (citing *Twine,* 853 F.2d at 679). Because "§ 111 is a general intent crime," diminished capacity "is not a defense" to the charged offenses here. *Id.* (citing *United States v. Jim*, 865 F.2d 211, 215 (9th Cir. 1989)).

The Fourth Circuit's analysis in *United States v. Taoufik*, 811 F. App'x 835 (4th Cir. 2020), and *United States v. Worrell*, 313 F.3d 867 (4th Cir. 2002), illustrates this point. In *Taoufik*, the Fourth Circuit affirmed the exclusion of PTSD evidence where it was offered to show that the defendant "'did not act willfully,' which the government had to prove for both the crime of taking an action to prevent removal … and the crime of assaulting federal officers under 18 U.S.C. § 111(a)." 811 F. App'x at 839. As the court held, "Taoufik's proffered evidence plainly qualifies as an impermissible attempt to excuse his conduct." *Id.* at 840.

In *Worrell*, the court explained the distinction between psychiatric testimony that "justifies or excuses conduct that is otherwise criminal" and evidence that "merely aids the trier in determining the defendant's specific state of mind with

ORDER ON MOTIONS IN LIMINE AND DEFENDANT'S REQUEST TO PERMIT VIDEO TESTIMONY - 7

regard to the actions she took at the time the charged offense was committed." 313 F.3d at 873 (citation modified). The former is inadmissible; the latter *may* be admissible "in appropriate circumstances to disprove specific intent for specific intent crimes," although the court struggled to "envision[ ] many scenarios in which a defendant could introduce psychiatric evidence, short of insanity, that was not simply diminished capacity evidence or some other form of justification in disguise." *Id.*

Dr. Cervantes-Manzo's sealed report goes toward precisely the kind of psychiatric evidence foreclosed by *Vela* and warned against by *Worrell* and *Taoufik*. *See* Dkt. No. 22. The report was prepared to address three referral questions—whether Vivanco-Reyes meets diagnostic criteria for PTSD, how PTSD impacts cognition and decision-making, and how childhood adversity affects functioning—each directed at cognitive capacity rather than Vivanco-Reyes's subjective perceptions at the time of the offense. *See id.* at 1. The report offers an extensive discussion about how PTSD affects brain structures responsible for emotional regulation, decision-making, and executive functioning. *Id.* at 3. She opines that individuals with PTSD show impaired problem-solving and decision-making due to an overly active fight-or-flight response, and that such individuals may be unable to access higher cognitive functions when survival instincts are triggered. *Id.* at 4. The report concludes by emphasizing the impact of Vivanco-Reyes's childhood trauma on his overall functioning. *Id.* at 5. Because the testimony addresses whether Vivanco-Reyes could access rational thought processes, it goes to capacity and not intent.

ORDER ON MOTIONS IN LIMINE AND DEFENDANT'S REQUEST TO PERMIT VIDEO TESTIMONY - 8

Vivanco-Reyes's reliance on *United States v. Odeh*, 815 F.3d 968 (6th Cir. 2016), which held that PTSD evidence is not categorically inadmissible for general intent crimes, is unavailing. Dkt. No. 26 at 7–8. *Odeh* is a Sixth Circuit decision and is not binding on this Court. Even if it were, *Odeh* is distinguishable and does not support Vivanco-Reyes's position. There, the offense required proof that the defendant "knew that her statements were false." 815 F.3d at 977. PTSD evidence about alleged torture in an Israeli prison was relevant because it might have shaped the defendant's views about her criminal history, such that she did not knowingly omit information about her criminal past on her naturalization application. No such knowledge requirement exists for assault on a federal officer under § 111. General intent requires only "that the act was volitional (as opposed to accidental)." *United States v. Lamott*, 831 F.3d 1153, 1156 (9th Cir. 2016). Evidence that Vivanco-Reyes's cognitive functions were impaired goes to capacity, not volition.

The Government's motion is thus GRANTED. This ruling, however, does not preclude Vivanco-Reyes from testifying about his own subjective mental state or perceptions at the time of the incident.

### 6.  DEFENDANT'S MOTIONS IN LIMINE

The Court rules as follows on Vivanco-Reyes's motions in limine:

**6.1   Defendant's Motion A: Exclude evidence of May 22, 2025, incident.**

Vivanco-Reyes moves to exclude evidence of the May 22, 2025, incident under Rules 404(b) and 403. Dkt. No. 24 at 3–7. For the reasons above, this motion is DENIED. *See supra* § 5.2.

**6.2   Defendant's Motion B: Exclude prior convictions.**

Vivanco-Reyes moves to exclude his prior criminal convictions, including juvenile adjudications and his adult conviction for prison riot. Dkt. No. 24 at 7–10. The Government does not contest the applicable law or dispute that such evidence is generally inadmissible, but it argues that if Vivanco-Reyes "opens the door"—for example, by questioning the rationale behind the immigration warrant or by testifying that he is a law-abiding, peaceful, or nonviolent person—the Government may seek to introduce evidence of his past convictions. Dkt. No. 27 at 4–7.

For now, the motion is GRANTED. If the Government contends that Vivanco-Reyes has opened the door to this evidence at trial, it must request a sidebar *before* seeking to introduce it.

**6.3   Defendant's Motion C: Permit Expert to Observe Defendant's Testimony.**

Vivanco-Reyes moves to permit Dr. Cervantes-Manzo to observe his testimony under the "essential person" exception to Rule 615. Dkt. No. 24 at 10–13. Because the Court has excluded Dr. Cervantes-Manzo's testimony, this motion is DENIED AS MOOT. *See supra* § 5.3.

**6.4   Defendant's separately filed motion to allow Dr. Cervantes-Manzo to testify by video is denied as moot.**

Vivanco-Reyes moves to permit Dr. Cervantes-Manzo to testify remotely via video. Dkt. No. 23. Because the Court has excluded Dr. Cervantes-Manzo's testimony, this motion is DENIED AS MOOT. *See supra* § 5.3.

## 7.   CONCLUSION

In summary, the Parties' Agreed Motions in Limine, the Government's Motions in Limine A, B, and C, and Defendant's Motion in Limine B are GRANTED. Defendant's Motions in Limine A and C are DENIED.

The parties must comply with the Court's rulings at trial. If questions arise about the application or scope of the Court's rulings, they should be addressed outside the presence of the jury.

Dated this 22nd day of December, 2025.

Jamal N. Whitehead
United States District Judge