UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR VIVANCO-REYES,<br><br>Defendant. | CASE NO. 2:25-cr-00131-JNW<br><br>ORDER DENYING DEFENDANT'S THIRD MOTION TO CONTINUE TRIAL |

Defendant Victor Vivanco-Reyes moves for a third continuance of the January 5, 2026, trial date. Dkt. No. 58. He seeks more time for his proffered expert Dr. Yurivia Cervantes-Manzo to obtain a Washington license so she can personally evaluate him. *Id*. at 4–6.

District courts have "considerable latitude" when ruling on motions to continue. *United States v. Pope*, 841 F.2d 954, 956 (9th Cir. 1988). In exercising this discretion, courts consider four factors: "(1) the requester's diligence in preparing for trial; (2) the likely utility of the continuance, if granted; (3) the inconvenience to the court and the other side; and (4) prejudice from the denial." *Id*. The Ninth Circuit will reverse the denial of a continuance only if the denial was "'arbitrary or

ORDER DENYING DEFENDANT'S THIRD MOTION TO CONTINUE TRIAL - 1

unreasonable.'" *United States v. Audette*, 923 F.3d 1227, 1240 (9th Cir. 2019) (quoting *United States v. Wills*, 88 F.3d 704, 711 (9th Cir. 1996)). The Court addresses each of the four *Pope* factors, in turn.

*Diligence.* The Court has twice expressed concern about counsel's timeline, noting the two-month gap between appointment and the required license application, and that counsel "should have anticipated and addressed sooner" Dr. Cervantes-Manzo's incomplete application. Dkt. Nos. 43 at 2; 56 at 2. Counsel attributes the delay to the difficulty of locating a qualified Spanish-speaking expert willing to work at FDC SeaTac and the need to finalize an expensive contract. Dkt. No. 49 at 2. These are legitimate considerations, but they do not fully account for the slow start. That said, the subsequent licensing delays were caused in part by understaffing and system updates at the Department of Health—circumstances outside counsel's control. This factor is neutral.

*Utility.* This factor is dispositive. In *Pope*, the Ninth Circuit held that a continuance would have been "useful" because the defendant sought more time to obtain a psychiatric evaluation for his insanity defense—*his only defense*—and the testimony would have been relevant even though the defendant could not predict what the psychiatrist would say. 841 F.2d at 957–58. But here, the Court has ruled that Dr. Cervantes-Manzo's proposed testimony is inadmissible based on her expert report and the representations of counsel. As the Court ruled in a separate order, the proffered testimony—that Vivanco-Reyes's PTSD and adverse childhood experiences compromised his cognitive functioning and caused him to make "decisions that were reckless but not intentional"—constitutes an impermissible

diminished capacity defense to a general intent crime. *See* Dkt. No. 69 at 7 (citing *United States v. Vela*, 624 F.3d 1148, 1154 (9th Cir. 2010)). A continuance to develop inadmissible evidence serves no purpose. This factor weighs heavily against a continuance.

*Inconvenience*. The Court has already continued this trial twice, *see* Dkt. Nos. 16, 43, 46, and expressly warned that "[a]bsent extraordinary circumstances, the trial date will not extend beyond January 12, 2026," Dkt. No. 43 at 4. A third continuance to spring or summer 2026 would substantially inconvenience the Court and the Government, which has witnesses and agents prepared for trial. This factor weighs against a continuance.

*Prejudice*. In *Pope*, the denial of a continuance deprived the defendant of "the only testimony that could plausibly have helped him." 841 F.2d at 958. By contrast, in *United States v. Audette*, 923 F.3d 1227, 1240 (9th Cir. 2019), the Ninth Circuit found no prejudice where the defendant "himself testified for over four hours" and called other witnesses, such that "the lack of a continuance ... did not prevent [him] from presenting his case to the jury." This case is more like *Audette*. Vivanco-Reyes may testify about his own subjective mental state and perceptions at the time of the incident. This factor weighs against a continuance.

In sum, because the expert testimony Vivanco-Reyes seeks to develop has been ruled inadmissible, further delay is not warranted. His third motion to continue, Dkt. No. 58, is thus DENIED.

Trial remains scheduled for January 5, 2026.

1
2    Dated this 22nd day of December, 2025.
3
4                                        Jamal N. Whitehead
                                         United States District Judge
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

ORDER DENYING DEFENDANT'S THIRD MOTION TO CONTINUE TRIAL - 4