THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR25-131-JNW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFENSE TRIAL BRIEF |
| | ) | |
| VICTOR VIVANCO-REYES, | ) | |
| Defendant. | ) | |
| _____ | ) | |

Victor Vivanco-Reyes, through counsel, respectfully submits the following trial brief to address issues that may arise throughout trial. Motions in limine have been filed and fully briefed.

## I.    FACTUAL BACKGROUND

In May 2025, agents from Homeland Security Investigations began preparing to serve Victor Vivanco-Reyes with an administrative immigration warrant. On June 6, 2025, agents learned that Mr. Vivanco-Reyes's employer, Primescapes, LLC, was performing a job on Camano Island and that he would likely be working there.

Agents used helicopter surveillance of the property and established that two people got into a small work truck with a trailer and pulled out of the driveway on the property. The truck drove southbound on Cascade View Drive at a normal speed. A black Jeep Cherokee with tinted windows pulled into the southbound lane and drove at the Primescapes truck. The truck swerved into the northbound lane to avoid a collision. The Jeep turned towards the truck before stopping. As the truck drove around the Jeep,

1  the front-seat passenger of the Jeep opened and then closed the front door. The side of
2  the truck then made contact with the Jeep.

3      A second car, a gray Dodge Charger with tinted windows, drove behind the Jeep
4  and stopped in the northbound lane. The truck drove around the gray Charger and did
5  not hit it. When passing the Jeep and avoiding the Charger, the side of the truck and
6  trailer scraped the side of the Jeep. The contact with the Jeep occurred after the driver
7  and passenger had passed the front of the car, and the trailer lifted off the ground and
8  tipped to the left.

9      A third car, a black Nissan Murano SUV with tinted windows, followed behind
10  the Charger and drove into the southbound lane. The front-seat passenger exited
11  Murano as the truck turned into the southbound lane. The truck avoided the front-seat
12  passenger but made contact with the front-right corner of the Murano. As the truck
13  drove around the Murano, the trailer hit the front of the Murano. The truck drove a
14  short distance before stalling, hitting a pole, and coming to a stop.

15      The driver, later identified as Mr. Vivanco-Reyes, jumped out of the front seat
16  and ran. The officers, clad in balaclavas, face masks, and hats, pursued him until he
17  tried to jump a fence and failed. When apprehended, Mr. Vivanco-Reyes did not punch,
18  kick, or harm the officers. The masked men handcuffed Mr. Vivanco-Reyes and posed
19  with him for a photo.

20      The government charged Mr. Vivanco-Reyes with four counts of assault of a
21  federal officer—one count for each officer in the vehicles that made contact with the
22  truck—in violation of 18 U.S.C. § 111(b). Dkt. 12. In each count, the government
23  alleges Mr. Vivanco-Reyes made physical contact with each victim and used a
24  dangerous weapon during the commission of the assault. *Id.* Counts 2 and 4 allege that
25  he inflicted bodily injury on Victims 2 and 4 respectively. *Id.*

26

DEFENSE TRIAL BRIEF
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 2

## II.    BOND STATUS

Mr. Vivanco-Reyes stipulated to detention and is in custody at the Federal Detention Center at SeaTac.

## III.    ELEMENTS OF THE OFFENSES

Mr. Vivanco-Reyes is charged with four counts of Assaulting a Federal Officer with a dangerous or deadly weapon in violation of 18 U.S.C. §§ 111(a) and (b). In each count, he is charged with making physical contact with each officer and using a deadly weapon, to wit: a truck and trailer. Counts 2 and 4 allege that he inflicted bodily injury. Physical contact with the alleged victims, the use of a deadly weapon, and whether the assault involved bodily injury are all elements that must be found by the jury beyond a reasonable doubt because they increase the maximum statutory penalty.

## IV.    ANTICIPATED LEGAL AND EVIDENTIARY ISSUES

### A.    Mens Rea

The mens rea is the core of this case. And the government's claim that Mr. Vivanco-Reyes's "state of mind is irrelevant" is inconsistent with black-letter law. Dkt. 35 at 6. A forcible assault occurs "when one person *intentionally* strikes another…" *Id.* (emphasis added). The government must therefore prove that Mr. Vivanco-Reyes intentionally assaulted the officers. *United States v. Acosta-Sierra*, 690 F.3d 1111, 1123 (9th Cir. 2012). Recklessness is insufficient. This issue has been fully briefed in motions in limine, and this brief summarizes previous filings.

The Supreme Court has illustrated where that distinction between recklessness and intentionality lies when the alleged assault involves driving a car. In *Borden v. United States*, 593 U.S. 420, 425–27 (2021), the Court addressed whether reckless crimes are "violent felonies" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i). As the Court explained, a person "acts knowingly when he is aware that a result is practically certain to follow from his conduct, whatever his affirmative

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

desire." *Id.* at 426 (cleaned up). In contrast, "[a] person acts recklessly . . . when he consciously disregards a substantial and unjustifiable risk attached to his conduct, in gross deviation from accepted standards." *Id.* at 427 (cleaned up, citing, *inter alia*, Model Penal Code § 2.02(2)(c)). To illustrate the point, the Court explained, "[s]peeding through a crowded area may count as reckless even though the motorist's 'chances of hitting anyone are far less [than] 50%.'" *Id.* (quoting 1 W. LaFave, Substantive Criminal Law § 5.4(f) (2018) (citing cases involving low-probability events)).

When the Court turned to address whether the force clause excludes reckless conduct, it explained that "purposeful conduct" would include "a person [who] drives his car straight at a reviled neighbor, desiring to hit him." *Id.* at 431. In addition, "a getaway driver [who] sees a pedestrian in his path but plows ahead anyway, knowing the car will run him over" has acted purposefully because "[a]lthough he would prefer a clear road, he too drives his car straight at a known victim." *Id.* In contrast, a "reckless driver has not directed force at another: He has not trained his car at the pedestrian understanding he will run him over." *Id.* Thus, to convict Mr. Vivanco-Reyes, the jury must be convinced beyond a reasonable doubt either that Mr. Vivanco-Reyes drove forward intending to hit the officers' cars or that he drove forward in an attempt to flee, knowing he would hit the officers' cars.

The government has claimed they need prove only that Mr. Vivanco-Reyes intended to drive. Dkt. 35 at 6 ("[T]he Government need only prove that Vivanco-Reyes acted volitionally on June 6, 2025: that he meant to drive as he did and in a manner that meets at least one of the three options for 'forcible assault.' His state of mind is irrelevant."). The government's reading renders the term "forcible" meaningless. After all, in *Borden*, the Supreme Court interpreted the meaning of "physical force against the person of another" and concluded that "[t]he phrase 'against

another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual." 593 U.S. at 429.

The Court has excluded Mr. Vivanco-Reyes's proposed expert who would testify about the effects of post-traumatic stress disorder. Dkt. 69. The defense maintains that this testimony is permissible and relevant for the jury to understand why Mr. Vivanco-Reyes did not intentionally strike the agents and his potential claim of self-defense. Because of the Court's ruling, this trial brief does not address any issues related to the proposed expert testimony. Mr. Vivanco-Reyes is not, however, waiving or forfeiting any arguments about the propriety, admissibility, and relevance of such testimony.

As an alternative to full-blown expert testimony—which he still maintains is necessary—Mr. Vivanco-Reyes proposes admitting his PTSD diagnosis contained in his medical records, defense exhibit A-2, under Federal Rule of Evidence 803(4) and (6).

### B.    "Dangerous or Deadly Weapon"

Whether the government can prove Mr. Vivanco-Reyes used a "dangerous weapon" also turns on his state of mind. A truck and trailer may be a "dangerous weapon" if "used in a way that is capable of causing death or serious bodily injury." 9th Cir. Pattern Instr. 8.2. However, "for a car to qualify as a deadly weapon, the defendant must use it as a deadly weapon and not simply as a mode of transportation." *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002). "The use of a car purely for flight would not satisfy the fourth element of § 111(b): that the object be used in a deadly or dangerous manner." *Id.*; *see also United States v. Easterday*, 729 F. Supp. 3d 17, 23 (D.D.C. 2024) (citing this as *Arrington*'s holding).

### C.    Bodily Injury

The government has acknowledged courts have used slightly different definitions of "bodily injury." Dkt. 35 at 7 & n.4. This Court should use the definition

DEFENSE TRIAL BRIEF
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

provided by the U.S. Sentencing Guidelines: "any significant injury; *e.g.*, an injury that is painful and obvious, or is a type for which medical attention ordinarily would be sought." USSG § 1B1.1, cmt. n.1(B); 5th Cir. Pattern Crim. Jury Instr. 2.07 (2024); 10th Cir. Pattern Crim. Jury Instr. 2.09 (2025).

### D.    Defining Reasonable Doubt

Ninth Circuit Model Jury Instruction 6.5 (2022) defines reasonable doubt in terms of being "firmly convinced." Mr. Vivanco-Reyes has submitted an instruction that instead uses "hesitate to act" language.

The Supreme Court has described the reasonable doubt standard as "impressing upon the factfinder the need to reach a subjective state of *near certitude* of the guilt of the accused[.]" *Jackson v. Virginia*, 443 U.S. 307, 315 (1979) (emphasis added). The "firmly convinced" language of the Model Instruction does not convey as demanding a standard as "near certitude."

On the other hand, in *Victor v. Nebraska*, 511 U.S. 1 (1994), the Court described "hesitate to act" language as "a formulation we have repeatedly approved[.]" *Id.* at 20. In conjunction with an instruction's reference to "substantial doubt" (which the Court had found "problematic"), the "hesitate to act" language "gives a common-sense benchmark for just how substantial such a doubt must be." *Id.* at 20–21.

The Ninth Circuit has frequently expressed the same approval of "hesitate to act" language. In *United States v. Nolasco*, 926 F.2d 869 (9th Cir. 1991) (en banc), the court remarked, "We have generally warned against significant departure from the 'hesitate to act' language." *Id.* This latter warning was reiterated in *United States v. Jaramillo-Suarez*, 950 F.2d 1378, 1385 (9th Cir. 1991): "We have said, however, that once the district court chooses to define reasonable doubt, it should not depart significantly from the 'hesitate to act' language."

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

These comments followed a long history of preference for this language. *See*, *e.g.*, *United States v. Clabaugh*, 589 F.2d 1019, 1022 (9th Cir. 1979) (describing it as the Ninth Circuit's "preferred . . . formulation"); *United States v. Robinson*, 546 F.2d 309, 313–14 (9th Cir. 1976) ("[The courts of appeals] have also exhorted their district judges to follow *Holland* and use the preferred "hesitate to act" language. We do the same."). Counsel is not aware of any Ninth Circuit case describing the "firmly convinced" language as preferable to the "hesitation to act" wording.

Of the eight Circuits (besides the Ninth) that recommend definitions of reasonable doubt, only one recommends a definition that does not include "hesitate to act" language.[1] If this Court is hesitant to reject the Model Instruction completely, Mr. Vivanco-Reyes does not object to following the recommendations of the District of Columbia and Eighth Circuit, using both the "firmly convinced" and "hesitate to act" language. Judge Friendly stated of the "hesitation to act" language, "it is fair to both sides, touches all the bases and, being largely founded on decisions of the Supreme Court and courts of appeals, is seemingly immune from challenge having any possibility of success and therefore is not likely to become the basis of one." *United*

---

[1] The Fourth Circuit does not have model instructions; the First and Seventh Circuits do not define reasonable doubt.

For Circuits recommending "hesitate to act" language, see Third Circuit Model Criminal Jury Instructions 3.06 (2018); Fifth Circuit Pattern Jury Instructions (Criminal Case) 1.05 (2019); Sixth Circuit Pattern Criminal Jury Instructions 1.03 (2023); Eleventh Circuit Pattern Jury Instructions, Criminal Cases B3 (2022). The Second Circuit does not have model instructions but has recommended on multiple occasions non-Circuit pattern instructions that include "hesitate to act" language. *United States v. Rowe*, No. CR02-756(LMM), 2006 WL 1993252, at *1 (S.D.N.Y. July 14, 2006).

The Tenth Circuit recommends "firmly convinced" but not "hesitate to act" language. Tenth Circuit Criminal Pattern Jury Instructions (2021) 1.05. The District of Columbia Circuit and the Eighth Circuit recommend using both terms. 1 Criminal Jury Instructions for District of Columbia Instruction 2.108 (2023); Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 3.11 (2023).

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

*States v. Ivic*, 700 F.2d 51, 69 (2d Cir. 1983), *overruled on other grounds by National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249 (1994).

**E.    Photographs, Videos, Diagrams, Maps, and Demonstratives**

The government intends to offer photographs, including still frames of aerial surveillance video, images taken from Google Maps, and slow-motion versions of the video. Illustrative aides are permitted "if the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time." Fed. R. Evid. 107(a). Mr. Vivanco-Reyes cannot say at this time whether the government will lay the appropriate foundation. However, he may object if the presentation of the video or photos is misleading. The entire incident at issue lasted less than ten seconds. If the government's presentation misleadingly suggests more time elapsed, he will object to the use of the photographs and still images or slow-motion versions of the video.

The government indicated that it has significant concerns about the use of undisclosed demonstratives during opening and closing statements. To avoid any misleading presentation to the jury, the Court should order disclosure of any demonstrative exhibits before they are shown to the jury.

**F.    Officers' Arrest Conduct**

To convict Mr. Vivanco-Reyes, the government must prove that the officers were engaged in official duties and not a personal frolic of their own. And if Mr. Vivanco-Reyes argues self-defense, the government must prove that they did not use unlawful force, or that he knew they were federal officers and they did not use excessive force. For these reasons, the officers' conduct and appearance immediately after the alleged assault and during the arrest are relevant to several elements of the case. This issue has been fully briefed in motions in limine.

DEFENSE TRIAL BRIEF
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 8

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

### G.    Rule of Completeness

The government plans to admit, through Gov't Ex. 19A, an excerpt from one of Mr. Vivanco-Reyes's jail calls. Mr. Vivanco-Reyes may move under Rule 106 to introduce another part of the call that in fairness ought to be considered as necessary context to clarify what he said in the government's cherry-picked excerpt. Federal Rule of Evidence 106 "provides that if the existing fairness standard requires completion, then that completing statement is admissible over a hearsay objection." Fed. R. Evid. 106, cmt. to 2023 amends. "A party that presents a distortion can fairly be said to have forfeited its right to object on hearsay grounds to a statement that would be necessary to correct the misimpression." *Id.*

## V.    JURY INSTRUCTIONS

Mr. Vivanco-Reyes has proposed modified and additional jury instructions. Dkt. 53.

First, a modified preliminary instruction summarizes the charged counts. Dkt. 53 at 2–3. This is modified to: call Mr. Vivanco-Reyes by name instead of defendant; define forcible assault as an intentional strike and remove other methods that the government has forfeited; state that a vehicle is not used as a deadly or dangerous weapon if used only for flight; and summarize self-defense if Mr. Vivanco-Reyes has elected to argue that.

Second, a proposed preliminary instruction defines reasonable doubt. Dkt. 53 at 4–5. This is discussed above.

Third, a proposed in-trial instruction directs the jury to treat officers like any other witness. Dkt. 53 at 6. This is necessary because all of the government's witnesses are officers. If Mr. Vivanco-Reyes chooses to testify, the jury will be told they should treat his testimony as they would the testimony of any other witness. 9th Cir. Model Crim. Instr. 6.4. The jury should be similarly instructed that the testimony of officers

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

1    who may also be alleged victims should be treated no differently than any other

2    witness's testimony.

3        Fourth, a modified final instruction defines the charged counts. Dkt. 53 at 7–8.

4    This is modified to: call Mr. Vivanco-Reyes by name instead of defendant; define

5    forcible assault as an intentional strike, remove other methods that the government has

6    forfeited, exclude a reckless strike, and define intentional and reckless; state that a

7    vehicle is not used as a deadly or dangerous weapon if used only for flight; and define

8    bodily injury.

9        Fifth, a modified final instruction provides theories of the defense. Dkt. 53 at 9–

10   10. This explains that if the jury finds it reasonable to believe that Mr. Vivanco-Reyes

11   recklessly struck the officers, used his vehicle for flight, or acted in self-defense (if

12   elected), he is not guilty.

13       Sixth, a modified final instruction defines self-defense, if Mr. Vivanco-Reyes

14   elects to argue that. Dkt. 53 at 11. This defines two different paths to self-defense: one

15   if the government does not prove Mr. Vivanco-Reyes knew the four men were federal

16   officers, and another if the government does prove that. "If the defense theory has a

17   basis in fact and law, the failure to give a proffered jury instruction on that theory is per

18   se reversible error" unless other instructions adequately cover the defense theory.

19   *United States v. Romm*, 455 F.3d 990, 1002 (9th Cir. 2006). The proposed instruction

20   must be included because the description of the substantive charge does not adequately

21   distinguish between reckless and intentional conduct or explain self-defense.

22       Seventh, a proposed final instruction advises the jury on penalties if convicted.

23   Dkt. 53 at 12. Mr. Vivanco-Reyes recognizes the Court's motion in limine prohibiting

24   argument about potential penalties, but he has submitted the proposed instruction to

25   preserve the issue for appeal.

26

DEFENSE TRIAL BRIEF
(*United States v. Vivanco-Reyes*, No. CR25-131-JNW) - 10

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

## VI.    DEFENSE DISCOVERY

Mr. Vivanco-Reyes has produced discovery in accordance with Federal Rule of Criminal Procedure 16(b). He will continue to produce discovery, as necessary, consistent with his obligations under Rule 16(c).

DATED this 23rd day of December 2025.

Respectfully submitted,

s/ *Colleen P. Fitzharris*
s/ *Mukund Rathi*
Assistant Federal Public Defenders
Attorneys for Victor Vivanco-Reyes

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**