The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

VICTOR VIVANCO-REYES,

Defendant.

NO. CR25-131-JNW

**UNITED STATES' MOTION TO EXCLUDE VIDEO EVIDENCE**

On the afternoon of December 23, 2025, the defense produced two videos recorded by defense witness Francisco Barragan, the passenger of the truck with attached trailer that the defendant drove on June 6, 2025, after the alleged assaults occurred that day. The first video (Defense A-15), which is approximately 30 seconds in length, records the exterior of the truck with attached trailer[1] as well as law enforcement on the scene. The second video (Defense A-16), which is also approximately 30 seconds in length, records the defendant—who is surrounded by multiple agents and officers and appears to be restrained against a government vehicle—as well as law enforcement on the

---

[1] In this video, an individual, apparently Mr. Barragan, states, "I gotta do this for the boss" (presumably, to document the damage to the vehicle for his employer).

United States' Motion to Exclude Video Evidence - 1
*United States v. Vivanco-Reyes* / CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

scene.  Defense counsel indicated by e-mail on December 23, 2025 that they would include these two videos on their exhibit list.

The Government moves to exclude these recently produced videos for the same reasons as previously briefed in its pending motion in limine to exclude photos of the defendant's arrest.  *See* Dkt. 66 at 2-3.[2]

The Government further moves to exclude these videos on two additional grounds. First, because the videos at issue capture multiple law enforcement personnel and are not limited to the agents and officers who encountered the defendant during the alleged assaults, they pose an even greater risk of misleading and confusing the jury than the photos the Government has sought to exclude.  How *other* law enforcement personnel were dressed following the collisions is clearly irrelevant to how the four victims and ICE Officer Justin Berg appeared to the defendant prior to and during the crimes charged; however, the jury could be misled into making that illogical leap following the review of this evidence.  Second, the videos would be additionally misleading and confusing to the jury should the defense argue self-defense.  *See* Dkt. 53 at 9-10 (defense proposed self-defense instruction).  The number of agents and officers involved in the *subsequent* apprehension of the defendant, as recorded in these videos, could be used by the defense to unfairly suggest that law enforcement used excessive force in connection with the *prior* alleged assaults.  And the probative value (if any) of the jury reviewing video evidence of the defendant being restrained by multiple law enforcement personnel would be outweighed by its prejudicial effect in this context.

The Government further requests that the Court review the post-arrest photo and video evidence together and, to the extent any of this evidence is deemed relevant and

---

[2] Due to the late timing of the videos' disclosure, the Government did not have the opportunity to file a motion in limine concerning this evidence, or to review and discuss this evidence with all relevant witnesses prior to filing this motion.  The Government asked defense counsel by e-mail on December 26, 2025 when these videos were made available to them and has not received an answer to this question.

United States' Motion to Exclude Video Evidence - 2
*United States v. Vivanco-Reyes* / CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

admissible, that the Court preclude the defense from offering multiple iterations of the same evidence as needlessly cumulative under Federal Rule of Evidence 403.

For the foregoing reasons, the Government respectfully requests that the Court enter the enclosed proposed Order granting its motion to exclude the recently produced video evidence.

DATED this 29th day of December, 2025.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney


*s/ Jessica M. Ly*
*s/ Katherine G. Collins*
JESSICA M. LY
Special Assistant United States Attorney
KATHERINE G. COLLINS
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:    (206) 553-4311
Fax:          (206) 553-0882
E-mail:       Jessica.Ly@usdoj.gov

*I certify that this memorandum contains
453 words, in compliance with the Local
Criminal Rules.*

United States' Motion to Exclude Video Evidence - 3
*United States v. Vivanco-Reyes* / CR25-131-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970